991 So.2d 907 (2008)
Andrea J. DeMELLO, Individually and as Trustee of the Jerome Adams Trust, and Irene V. Adams Trust, Appellant,
v.
Joyce A. BUCKMAN, and Sachs & Sax, Appellees.
Nos. 4D07-494, 4D07-735, 4D07-1058.
District Court of Appeal of Florida, Fourth District.
July 30, 2008.
Rehearing Denied October 27, 2008.
Jay L. Kauffman and James A. Herb of Herb & Kauffman, P.A., Boca Raton, for appellant.
Terrence P. O'Connor of Morgan, Carratt and O'Connor, P.A., Fort Lauderdale, for appellee Joyce A. Buckman.
Jessica Slatten and Robert Rivas of Sachs & Sax, P.A., Tallahassee, for appellee Sachs & Sax.
SHAHOOD, C.J.
This is an appeal by Andrea DeMello from the following trial court orders: (1) Order Determining Joyce A. Buckman as Prevailing Party and Awarding Attorney's Fees and Costs (Case No. 07-494); (2) Order Granting Sachs Sax Klein's Charging Lien (Case No. 07-735); and (3) Order Directing Clerk of the Court to Disburse Funds, Order on Defendant's Amended *908 Motion for Order Directing Court Registry to Release Funds, and Order on Defendant's Motion for Stay of Execution Against Funds Held in Court Registry (Case No. 07-1058).
This court consolidated the three appeals and this opinion addresses all three cases.
This case arises out of a dispute between Joyce Buckman and Andrea DeMello, two sisters who are the sole beneficiaries of their parents' two inter vivos trusts. After the death of their parents, DeMello was left as the sole trustee of both trusts according to the terms of the trusts. Among the various trust assets were a car, a set of wedding rings, a home in Tamarac, and some commercial property in Connecticut that was rented to a business run by DeMello and her husband. These particular items of trust property became the subject of dispute between the parties. Buckman claimed DeMello did not properly distribute trust assets according to the trust terms and did not provide Buckman with accountings. Additionally, Buckman and DeMello disagreed on the values of trust properties.
Buckman eventually sued DeMello, seeking damages for alleged breach of fiduciary duty and mismanagement. After a trial, the court found DeMello breached her fiduciary duty and removed her as trustee. The court awarded Buckman $76,457.41 in damages.
Later, the trial court held a series of hearings on attorney's fees. At the first hearing, Buckman introduced the testimony of her trial counsel Jay Schwartz, who provided a detailed account of his work on the case as well as offering his firm's billing entries and statements, his affidavits, and the cost statements into evidence. At the second hearing, Henry Zippay, Esq. testified as an expert to the reasonableness of Buckman's counsel's fees. Mr. Zippay was not cross-examined by DeMello's counsel, and his qualifications as an attorney's fee expert were not challenged. Buckman's counsel's billings were received into evidence and DeMello did not object.
After hearing argument from DeMello's counsel regarding the propriety of certain billing entries from Buckman's counsel, the trial court reduced the amount of fees in Schwartz's fee request. DeMello's counsel also objected to the high amount of fees requested, which was in excess of the $76,000 damage award. However, the court found that the high amount of attorney's fees was due to the litigious nature of the case. The court noted that removing DeMello as trustee was not something that a dollar amount could be attached to. The court found that the high fee amount was not a result of over-litigation and was the result of necessary work performed after settlement could not be reached. Both attorneys agreed on the correct figure for the attorney's fee award after the reductions by the court.
The trial court rendered a final judgment for attorney's fees and costs in favor of Buckman. The court found that Buckman's counsel's rates were reasonable and that the 540 hours expended on the case were justified. The court also found that Buckman's attorneys had obtained all requested results in the litigation and successfully defended against all counterclaims. The court therefore awarded Buckman $111,921.61 in attorney's fees and $2,742.00 in costs for a total fee and cost award of $114,663.61.
In the appeal from the final judgment, this court affirmed in part and reversed in part. DeMello v. Buckman, 916 So.2d 882, 891 (Fla. 4th DCA 2005). We affirmed the part of the final judgment finding that DeMello breached her fiduciary duty and removing her as trustee. DeMello, 916 *909 So.2d at 891. However, we reversed the portions of Buckman's total award from the jewelry, the Tamarac house, the Connecticut property, and the loss of investment income on the undistributed trust property. Id. We also reversed the portion of the damages awarded Buckman consisting of the trust's legal fees, accounting fees, and miscellaneous expenses on the grounds that there was no evidence of the impropriety of these expenses. Id. As to Buckman's attorney's fees, this court reversed for reconsideration of whether she had prevailed on the significant litigated issues in light of this court's partial reversal. Id.
Following remand, each side moved for entry of an order finding that she was the prevailing party. The trial court conducted a hearing and ruled that Buckman was still the prevailing party despite this court's partial reversal of much of the damage award. The court decided not to relitigate the amount of the attorney's fee award. The trial court entered an order determining Buckman the prevailing party and awarding attorney's fees and costs.
DeMello argues the attorney's fee order improperly exceeds the amount supported by the expert testimony. Buckman contends that the trial court was not bound by the expert testimony and that it was within the court's discretion to grant an award based on the court's knowledge, common sense, understanding, and experience.
This court has previously recognized that "an award of attorney's fees must be supported by expert evidence, including the testimony of the attorney who performed the services." Rodriguez v. Campbell, 720 So.2d 266, 267 (Fla. 4th DCA 1998).
Generally, when an attorney's fee or cost order is appealed and the record on appeal is devoid of competent substantial evidence to support the order, the appellate court will reverse the award without remand. However, when the record contains some competent substantial evidence supporting the fee or cost order, yet fails to include some essential evidentiary support such as testimony from the attorney performing the services, or testimony from additional expert witnesses, the appellate court will reverse and remand the order for additional findings or an additional hearing, if necessary.
Id. at 268 (citations omitted).
In this case, Jay Schwartz, who was Buckman's trial counsel, testified regarding his fee. Buckman also presented the expert testimony of Henry Zippay, Esq. Zippay testified that he was hired to evaluate the materials presented to him by Schwartz for the purpose of evaluating a reasonable hourly rate and fee in the case. Zippay testified:
I don't have an actual reasonable attorney's fee. I can only suggest as to reasonable hours, and what I've read through here, you had somewhere around 340 some hours, and you're the only one that I really can testify as to having knowledge of. I find that your 346 or 344, or whatever figure it was, is a reasonable fee or reasonable amount of hours subject to certain qualifications.
DeMello correctly argues that the expert witness only testified to the reasonableness of attorney Schwartz's hours and rates. The expert witness offered no testimony regarding any of the other attorneys and paralegals who worked on the case. There is no expert testimony to support the award of attorney's fees for work other than that performed by Schwartz. Accordingly, the attorney's fee order is vacated and this case is remanded for entry of an order awarding only those attorney's *910 fees that were supported by the expert testimony.
We have carefully reviewed the record and transcript as to all remaining issues raised. We hold them to be without merit and affirm.
Affirmed in part, Reversed in part, and Remanded.
KLEIN and DAMOORGIAN, JJ., concur.