TAYLOR, J.
 

 Plaintiff, Shawn Bennett, Jr., by and through his parents, Shawn Bennett, Sr. and Samantha Bryant-Bennett, appeals the trial court’s order denying his motion for relief from summary judgment entered in favor of Brian Kaplan, M.D. and Palm Beach Gardens Medical Center. ■ Finding no abuse of discretion in the trial court’s determination that plaintiff failed to demonstrate entitlement to relief under Florida Rule of Civil Procedure 1.540(b)(1), we affirm that order.
 

 Plaintiff also appeals the trial court’s order denying plaintiffs motion to set aside a final judgment of dismissal in favor of Tenet St. Mary’s, Inc., d/b/a St. Mary’s Medical Center, and Lee Benaroch, M.D. The dismissal followed repeated failures of plaintiffs counsel to comply with discovery requests, court orders, and to attend scheduled hearings. However, because the trial court failed to expressly set forth an analysis of the
 
 Kozel
 
 factors prior to dismissal, we reverse and remand for written findings on that order.
 
 See Ham v. Dunmire,
 
 891 So.2d 492, 495-96 (Fla.2004).
 

 The parents of three-year-old Shawn Bennett Jr. filed a medical malpractice suit on Shawn’s behalf against several health care providers. A second amended complaint, filed against St. Mary’s Medical Center, Lee Benaroch, M.D, Palm Beach Gardens Medical Center, and Brian Kap-lan, M.D., alleged that in February 2003 defendants failed to timely diagnose and treat Shawn’s meningitis and negligently prescribed a contraindicated antibiotic, which caused him to suffer permanent significant injuries. Plaintiff was represented by Attorney A. Clark Cone.
 

 During the first ten months of representation, Attorney Cone dutifully scheduled and attended depositions, responded to written discovery requests, and served witness and exhibit lists. However, Attorney Cone later stopped complying with discovery requests and court orders compelling discovery, attending depositions and status conferences, and appearing at hearings on motions for sanctions. When he failed to appear at a mandatory status conference on June 12, 2008, the trial court announced it would enter a show cause order as to why the case should not be dismissed or other sanctions imposed.
 

 
 *425
 
 On June 19, 2008, Attorney Cone appeared at the hearing on the show cause order. The court reviewed its efforts and those of defense counsel to contact Attorney Cone and asked him for “honest, frank answers” concerning his conduct. Attorney Cone offered an explanation that his office building was under construction and that he was having difficulty receiving documents and notices of hearings and conferences. He also advised the court that he had engaged co-counsel for the plaintiff. The court declined to enter sanctions but directed Attorney Cone to comply with all outstanding discovery requests within fifteen days. Attorney Cone failed to do so and, further, failed to appear for a status conference set for October 22, 2008. The trial court then set a pretrial conference for December 29, 2008. The order stated that counsel must appear and that “[fjail-ure to appear will result in the striking of all pleadings and claims in this matter.”
 

 On November 18, 2008, the trial court granted St. Mary’s motion to compel plaintiff to provide responses to the request to produce and execute authorization for medical records and to compel depositions of plaintiffs parents. The court rescheduled the pre-trial conference to January 7, 2009. The order again stated, “You must appear on this date. Failure to appear will result in the striking, of all pleadings and claims in this matter.” On January 7, 2009, at the pre-trial conference hearing, the court noted that plaintiffs counsel failed to appear.
 

 On January 12, 2009, the court entered an order dismissing the plaintiffs case against St. Mary’s and Dr. Benaroch with prejudice. The court found that “Plaintiff has had a protracted history of failing to respond to discovery requests, Orders compelling discovery, Orders compelling execution of authorizations, and Orders imposing sanctions and has failed to appear at Court ordered hearings in this cause, including, but not limited, to” the following: failing to comply with the court’s order to compel better answers to discovery, failing to appear for the hearing, and failing to appear at the status conference; plaintiffs counsel appeared at the June 19, 2008 hearing and was ordered to provide a valid address because he was unreachable; plaintiff failed to comply with this last order and the court granted defendants’ motion to enforce the order; the court awarded sanctions and issued an order requiring plaintiff to respond to all of Be-naroch’s and Kaplan’s outstanding discovery requests, and issued an order directing plaintiffs counsel to appear if he failed to respond to discovery and show cause as to why the case should not be dismissed; plaintiff failed to comply with the court’s order compelling him to respond to updated interrogatories, requests to produce, to execute authorizations, and update depositions; and plaintiff failed to appear at the court-ordered pre-trial conference.
 

 On January 23, 2009, Attorney Cone filed a motion to set aside the dismissal, in which he gave reasons for his noncompliance with orders, including issues with his office not receiving mail or phone calls and a series of overwhelming personal events (including his own health issues and his father’s). No affidavit was attached to the motion, and the motion was not verified. Subsequently, plaintiff, through new counsel, filed an amended motion to set aside the dismissals.
 

 On May 29, 2009, the court held a hearing on plaintiffs motions to set aside the dismissals as to St. Mary’s and Dr. Benar-och.
 
 [1]
 
 The court explained:
 

 
 *426
 
 In this particular case, though, when Mr. Cone did appear before the Court, I was very stern to him. I expressed my concern about his inability to comply with this Court’s orders. I expressed my concern about his lack of due diligence with regards to the prosecution of this matter and I even know that the defendants in this particular — even though they were trying to ably represent their own clients, were somewhat sympathetic to the plight of the Ben-netts in light of Mr. Cone’s behavior.
 

 The fact that many of your clients knew as of March of last year they had a problem with their attorney and took no further action, in my humble opinion, does not rise to the level that creates, where this Court has abused any discre-tions or anything of that nature, and while I’m sympathetic to your client and I really feel bad on behalf of this child, I’m left with no alternative but to apply the legal standards.
 

 I’ll deny the motions.
 

 On appeal, plaintiff argues that the trial court erred in denying his
 
 motion to
 
 set aside the dismissals entered in favor of St. Mary’s and Benaroch. He asserts that the dismissal was granted solely because of attorney misconduct, where the attorney effectively abandoned his client. He also argues that the court erred in not discussing any of the six factors which trial judges must consider under well-settled precedent. Because we agree that the court failed to make express findings, we reverse and remand for such findings.
 

 “It is well settled that determining sanctions for discovery violations is committed to the discretion of the trial court, and will not be disturbed upon appeal absent an abuse of the sound exercise of that discretion.
 
 See Mercer v. Raine,
 
 443 So.2d 944, 946 (Fla.1983) ... While sanctions are within a trial court’s discretion, it is also well established that dismissing an action for failure to comply with orders compelling discovery is ‘the most severe of all sanctions which should be employed only in extreme circumstances.’
 
 Mercer,
 
 443 So.2d at 946. In
 
 Mercer,
 
 this Court held that ‘[a] deliberate and contumacious disregard of the court’s authority will justify application of this severest of sanctions, as "will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness.’ ”
 
 Ham,
 
 891 So.2d at 495 (citing
 
 Mercer,
 
 443 So.2d at 946).
 

 Before a court may dismiss a cause as a sanction, it must first consider the six factors delineated in
 
 Kozel v. Ostendorf,
 
 629 So.2d 817 (Fla.1993), and set forth explicit findings of fact in the order that imposes the sanction of dismissal.
 
 Buroz-Henriquez v. De Buroz,
 
 19 So.3d 1140, 1141 (Fla. 3d DCA 2009) (citing
 
 Alvarado v. Snow White & The Seven Dwarfs, Inc.,
 
 8 So.3d 388 (Fla. 3d DCA 2009)). The Florida Supreme Court explained that “[t]he dismissal of an action based on the violation of a discovery order will constitute an abuse of discretion where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard.”
 
 Ham,
 
 891 So.2d at 495. These express findings are required to guarantee that the lower court “consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation.”
 
 Id.
 
 at 496. There are no required “magic words,” but
 
 *427
 
 the court must find “ ‘that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard.’ ”
 
 Id.
 
 (quoting
 
 Commonwealth Fed. Sav. & Loan Ass’n v. Tubero,
 
 569 So.2d 1271 (Fla.1990)).
 

 Where counsel is “involved in the conduct to be sanctioned, a
 
 Kozel
 
 analysis is required before dismissal is used as a sanction.”
 
 Pixton v. Williams Scotsman, Inc.,
 
 924 So.2d 37, 40 (Fla. 5th DCA 2006). Pursuant to
 
 Kozel,
 
 the trial court must consider the following:
 

 “1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.”
 

 Ham,
 
 891 So.2d at 496 (quoting
 
 Kozel,
 
 629 So.2d at 818). After considering these factors, if there is a less-severe sanction available than dismissal with prejudice, the court should use it.
 
 Id.
 
 (citing
 
 Kozel,
 
 629 So.2d at 818).
 

 If the malfeasance can be addressed adequately through the use of a contempt citation or a lesser degree of punishment on counsel, the action should not be dismissed.
 
 Ham,
 
 891 So.2d at 498. Further, if there is no prejudice to the other party, dismissal is too extreme a sanction.
 
 Id.
 
 at 499. The lower court must “strike the appropriate balance between the severity of the infraction and the impact of the sanction when exercising their discretion to discipline parties to the action.”
 
 Id.
 
 Ultimately, the lower court’s “failure to consider the
 
 Kozel
 
 factors in determining whether dismissal was appropriate is, by itself, a basis for remand for application of the correct standard.”
 
 Id.
 
 at 500.
 

 Here, the trial court discussed the first
 
 Kozel
 
 factor, but failed to articulate how the circumstances of this case established the remaining factors. Contrary to plaintiffs contention, however, we note that the trial court’s oral findings indicate that the court appeared to attribute some blame to the clients for their inaction. Even though client involvement is not a dispositive factor under
 
 Ham,
 
 891 So.2d at 497, some consideration should perhaps be given to the circumstance in this case that the clients were standing in a fiduciary capacity in relation to the plaintiff. For the reasons stated above, we reverse and remand for the trial court to make express findings as to each of the
 
 Kozel
 
 factors. On remand, the trial court is free to reconsider its ultimate ruling, depending upon the findings it makes.
 

 Affirmed in part, Reversed in part and Remanded.
 

 WARNER and LEVINE, JJ., concur.
 

 [1]
 

 . At the same hearing the court denied plaintiff's motion to vacate the summary judgment entered on behalf of Palm Beach Gardens and
 
 *426
 
 Dr. Kaplan because the motion did not meet the threshold requirements of Rule 1.540(b).