DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VISTA ST. LUCIE ASSOCIATION, INC.,**
Appellant,

v.

**CAROL A. DELLATORE,** a/k/a **CAROL M. DELLATORE,** individually,
**RONALD GABBARD,** individually, and **CAROL A. DELLATORE** a/k/a
**CAROL M. DELLATORE** and **RONALD GABBARD,** as co-trustees of
**THE BILLY A. GABBARD TRUST, UTD 30 DAY OF OCTOBER, 1997,**
Appellees.

No. 4D13-3906

[May 20, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dan L. Vaughn, Judge; L.T. Case No. 562010CA004753.

Robert G. Rydzewski, Jr., of Becker & Poliakoff, P.A., Stuart, for appellant.

Carolyn M. Dellatore, Somerset, NJ, for appellees.

MAY, J.

A condominium association appeals the denial of its motion for rehearing of two orders. The first order dismissed its complaint with prejudice, and the second awarded attorney's fees and costs against it for non-compliance with a court order compelling discovery. It argues the trial court erred by failing to consider the required factors set forth in *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993), and in failing to make the requisite findings. We agree and reverse.

A trust owned a unit in Vista St. Lucie. On September 2, 2010, the association filed a two-count complaint against the co-trustees of the trust, alleging claims for breach of contract and unjust enrichment based on the co-trustees' failure to reimburse the association for mold remediation performed. The co-trustees filed a counterclaim alleging tortious interference with a contract.

The co-trustees served the association with discovery requests on April

4, 2011.  On May 10, 2011, the association moved for a thirty-day extension of time to respond, admitting that it was already late.  The co-trustees subsequently moved to compel discovery because the association had not responded.  On July 11, 2011, without conducting a hearing, the trial court entered an order compelling the association to answer the discovery within thirty days of the order.

On August 15, 2011, the co-trustees moved to dismiss the complaint with prejudice due to the association's failure to comply with the trial court's order compelling discovery.  The co-trustees also requested sanctions "for [the association's] recalcitrant behavior in continuing to refuse to provide . . . responses to validly served discovery requests."  The co-trustees requested reasonable attorney's fees and costs.

The co-trustees attached an affidavit of their attorney in support of their motion for attorney's fees and costs.  The affidavit attested to the facts, the expenditure of time, the hourly billing rate, and the total amount of fees requested.  They attached an invoice detailing the hours expended.

Without a hearing, the trial court entered an Order of Dismissal with Prejudice and an Order of Attorney's Fees.  The order dismissing the complaint indicated that the "[association] failed to comply [sic] the Rules of Discovery and likewise failed to abide by this Court's Order to Produce Discovery, dated July 11, 2011."  The trial court awarded $6,916.15 in fees.

The association moved for rehearing, arguing it had faxed the answers to interrogatories and requests for admission to its counsel on August 5, 2011.  The association's counsel represented that his office inadvertently failed to mail the discovery to the co-trustees' counsel while he was on vacation.  The association's counsel took the blame for his failure to respond upon his return from vacation.  The association argued the orders should be vacated because the trial court failed to conduct the required six-factor analysis in ordering sanctions required by *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993).[1]

Almost two years after the association moved for rehearing, and after retaining new counsel, it moved for a case management conference.  It requested the conference to allow the parties to "coordinate the pending motion," attend a mediation conference, and set discovery deadlines to

---

[1] On December 7, 2011, while the motion for rehearing was pending, the parties entered a joint stipulation and dismissed with prejudice the co-trustees' counterclaim.

resolve the case.

The trial court denied the association's motion. The order stated: "The case was dismissed with prejudice over 18 months ago. [T]here is no reason to have a case management conference on a case that is no longer pending." Days later, the trial court denied the association's motion for rehearing. That order stated:

> This case has been pending an incredible 1112 days – more than three (3) years. On November 14, 2011, Circuit Judge Dan Vaughn entered an order dismissing the case with prejudice. That order was entered 674 days ago – over 22 months ago. There was no appeal filed. A motion for rehearing was filed, but it was never set for hearing. On December 9, 2011 a joint stipulated motion to dismiss the counter-claim was entered. For all intents and purposes, the case has been closed for 21 months. On September 12, 2013, plaintiff's counsel sent correspondence inviting this court to undo Judge Vaughn's order.

The trial court reasoned that it would not undo the work of Judge Vaughn and denied the motion.[2] The trial court did not address the merits of the motion for rehearing. From this order, the association now appeals.

The association argues the trial court abused its discretion in dismissing the complaint with prejudice because the trial court failed to analyze the issue and make the findings required by *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993). It also argues the ultimate discovery violation was the fault of its counsel and it should not have been sanctioned, certainly not with the dismissal of its complaint with prejudice. The co-trustees respond that the trial court did not err because the association flaunted the rules and acted in bad faith. They argue that *Kozel* does not apply. We agree with the association and reverse.

"It is well settled that determining sanctions for discovery violations is committed to the discretion of the trial court, and will not be disturbed upon appeal absent an abuse of the sound exercise of that discretion." *Bennett ex rel. Bennett v. Tenet St. Mary's, Inc.*, 67 So. 3d 422, 426 (Fla. 4th DCA 2011). "Before a court may dismiss a cause as a sanction, it must first consider the six factors delineated in *Kozel* . . . , and set forth explicit findings of fact in the order that imposes the sanction of dismissal."

---

[2] The record reveals that Judge Vaughn dismissed the complaint with prejudice, but Judge Belanger denied the motion for rehearing.

*Id.* This is especially true where counsel is responsible for the conduct to be sanctioned. *Id.* at 427.

*Kozel* sets forth the following factors which must be considered:

1. whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience;
2. whether the attorney has been previously sanctioned;
3. whether the client was personally involved in the act of disobedience;
4. whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion;
5. whether the attorney offered reasonable justification for noncompliance; and
6. whether the delay created significant problems of judicial administration.

*Kozel*, 629 So. 2d at 818. "After considering these factors, if there is a less-severe sanction available than dismissal with prejudice, the court should use it." *Bennett ex rel. Bennett*, 67 So. 3d at 427. "Ultimately, the lower court's 'failure to consider the *Kozel* factors in determining whether dismissal was appropriate is, by itself, a basis for remand for application of the correct standard.'" *Id.* (quoting *Ham v. Dunmire*, 891 So. 2d 492, 500 (Fla. 2004)).

We have "consistently required the record to show an express consideration of the *Kozel* factors." *Heritage Circle Condo. Ass'n v. State, Fla. Dep't of Bus. & Prof'l Regulation, Div. of Condos., Timeshares & Mobile Homes*, 121 So. 3d 1141, 1143–44 (Fla. 4th DCA 2013); *see, e.g., Bennett ex rel. Bennett*, 67 So. 3d at 427; *Alsina v. Gonzalez*, 83 So. 3d 962, 964–65 (Fla. 4th DCA 2012).

Here, the association correctly argues the trial court failed to consider the *Kozel* factors when it dismissed the complaint with prejudice. The dismissal order contains NO written findings and simply dismisses the complaint due to the association's failure to abide by its order compelling discovery. Although the trial court inserted language that the dismissal was based on the reasons set forth in the co-trustees' motion, it did not conduct the required analysis under *Kozel*.

We have previously remanded cases to allow a court to consider the *Kozel* factors. Here, however, the facts are undisputed, and they do not warrant the severe sanction of dismissal with prejudice. We therefore

4

reverse both the order dismissing the complaint with prejudice and the order awarding attorney's fees. We remand the case for reinstatement of the complaint. The court may re-consider the co-trustees' motion in light of the *Kozel* factors, taking into consideration that the fault appears to lie with the association's counsel. It may then fashion a less harsh sanction, if warranted. Just as the supreme court found in *Ham*, "[t]his is simply not a case involving a protracted history of discovery abuses, numerous motions to compel, prior sanctions by the trial court, patent prejudice to the opposing party, or other circumstances that would in any way warrant imposition of the ultimate sanction of dismissal." *Ham*, 891 So. 2d at 499.

Because we are reversing and remanding the case, we also address the association's argument that the trial court erred in its award of attorney's fees and costs because it did not make express findings on the number of hours reasonably expended and the reasonable hourly rate, and did not require expert testimony in support of the award. The co-trustees respond that the trial court properly awarded attorney's fees pursuant to the Florida Rules of Civil Procedure.

"An award of attorney's fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved." *Tutor Time Merger Corp. v. MeCabe*, 763 So. 2d 505, 506 (Fla. 4th DCA 2000). "Additionally, the award must be supported by expert evidence, including the testimony of the attorney who performed the services." *Id.*

Here, the order awarding attorney's fees suffers from three fatal flaws. First, there is no finding of the reasonableness of the hours expended. Second, there is no finding of the reasonableness of the hourly rate charged. Third, no expert testified to the reasonableness of either the hourly rate or the rate charge. The three-strike rule applies, and the order awarding attorney's fees must be reversed. *See DeMello v. Buckman*, 991 So. 2d 907, 909–10 (Fla. 4th DCA 2008).

For the foregoing reasons, the orders are reversed and the case is remanded to the trial court for proceedings consistent with this opinion.

*Reversed and Remanded.*

DAMOORGIAN, C.J., and TAYLOR, J., concur.

\* \* \*

5

*Not final until disposition of timely filed motion for rehearing.*