DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DOROTHY CHAPPELLE, CALVIN JOHNSON** and **EVELYN WILLIAMS,**
Appellants,

v.

**SOUTH FLORIDA GUARDIANSHIP PROGRAM, INC.,**
Appellee.

No. 4D13-2613

[July 22, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Robert A. Rosenberg, Judge; L.T. Case No. CACE07031447.

Robert P. Bissonnette, Fort Lauderdale, for appellants.

William Jay Palmer of Shutts & Bowen LLP, Miami, for appellee.

MAY, J.

In an action alleging elder exploitation and fraud, the defendants appeal an order sanctioning them with entry of a judicial default and a final judgment for compensatory and punitive damages. They argue the trial court erred in entering the default without making required findings under *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993). We agree and reverse.

The dispute is between the ward's guardian and the ward's relatives. The guardian is the ward's son. He was appointed as the ward's emergency temporary guardian and plenary guardian due to the ward's incapacity. Two of the defendants, Dorothy and Evelyn, are the ward's sisters. A third defendant, Calvin, is Dorothy's son and the ward's nephew.

In 1994, the ward's husband won the lottery, receiving millions of dollars. Upon his death, most of his assets went into a marital trust. The ward and guardian were co-trustees of the marital trust.

In November 2007, the guardian filed a verified complaint against the ward's two sisters, her nephew, daughter, and the ward's niece. The complaint alleged counts for: (1) elderly exploitation pursuant to section

415.111, Florida Statutes, and fraud against the defendants; and (2) undue influence against the ward's sister Dorothy. The defendants answered the complaint *pro se*.[1] The ward's daughter and the ward's niece are not involved in this appeal.

On February 9, 2012, the trial court entered a judicial default against the defendants. The trial court found:

> [T]he Defendants and counsel previously failed to respond to discovery in this case and had to have orders entered against them compelling them to respond to discovery; the Defendants (and counsel for Defendants) failed to appear at a Court-ordered mediation on December 5, 2011, and this Court has already entered an Order sanctioning the Defendants for failing to appear at mediation; now Defendants (and counsel for Defendants) have failed to appear for calendar call in direct contravention of this Court's October 20, 2010, Trial Order . . . . Based upon this judicial default, the allegations of the Complaint in this action are deemed to be true and a finding of liability is entered against each of the defaulted Defendants as to the allegations in the Complaint. Plaintiff's damages are unliquidated and therefore a hearing/trial to establish the amount of damages will still be required . . . .

The following day, the defendants moved, through counsel, for reconsideration, arguing they made numerous offers to settle; counsel failed to schedule the calendar call due to oversight, but intended to appear at the upcoming mediation; and they did not intentionally fail to appear.

The trial court held a hearing, but denied the motion.

> A careful review of the record finds [the defendants'] conduct has been egregious including missed mediation sessions, failure to provide discovery, failure [to] attend court proceedings, previous contempt actions and a disregard and disrespect for the court process. The court thus makes an explicit finding of willful noncompliance with orders and directives, and an inexcusable pattern of inappropriate

---

[1] Three different attorneys represented the defendants at various times. The attorney who represented the defendants when the default was entered appeared on behalf of all defendants on May 4, 2010. The defendants' current attorney made his appearance during the evidentiary hearings on damages.

behavior.

The defendants again moved to set aside the judicial default, which the trial court denied after a hearing. That order did not include any findings.

New counsel filed a notice of appearance for the defendants during the damages hearings, and again moved for reconsideration. Counsel argued that entry of a judicial default was tantamount to dismissal—the most severe sanction. Imposing such a sanction required the trial court to conduct an evidentiary hearing for consideration of the *Kozel* factors in light of prior counsel's conduct.

The trial court once again denied the motion. The court first found the motion untimely and unauthorized. Then,

> [a]fter considering the decision in *Kozel* . . . and the factors enumerated, the court [found] no basis to grant the motion. Rather, the motion, and the affidavits attached, [were] contrary to Dorothy['s] . . . own statements and previously stated positions, and largely, and breathtakingly, disingenuous. Accordingly the court reject[ed] the arguments presented in the motion as not only unpersuasive, but directly contrary to record evidence. Further hearing on this matter [was] unnecessary.

In a footnote, the court further wrote:

> The record in this matter reflects that all factors militate against the movants. Indeed, movants were personally engaged in protracting matters, misleading the Court, and causing prejudice to the opposing party. Moreover, the explanation offered is contrary to evidence in the record, and wholly unreasonable. The conduct of movants was calculated, and created significant problems of judicial administration and the swift administration of justice.

The trial court subsequently held an evidentiary hearing on damages. Notes from those proceedings indicate that Dorothy, Calvin, and the guardian testified. The court entered final judgment, making extensive findings of fact on both compensatory and punitive damages.

The trial judge who entered the default, held the evidentiary hearings, and denied the defendants' three prior motions for rehearing or reconsideration retired. The defendants moved for rehearing after the final

3

judgment, which was denied by the successor judge.[2]  From the final judgment and the order denying rehearing the defendants now appeal.

The defendants argue the trial court erred by entering a judicial default against them without considering the factors enumerated in *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993).  They argue the court failed to hold an evidentiary hearing on the matter and consider their counsel's conduct.  They suggest a proper consideration of the *Kozel* factors does not warrant judicial default because the responsibility for the disobedient acts belonged to their counsel.

The guardian responds that because the defendants do not allege any basis for reversing the judicial default as to Calvin and Evelyn, they have abandoned the issue as to them.  Noting that the trial court held two evidentiary hearings, the guardian argues that *Kozel* does not apply because the sanction was entered against the defendants for *their* misconduct, not their counsel's.  Lastly, the guardian argues the trial court did consider *Kozel* before issuing the order on the third motion for reconsideration.

The defendants reply that *Kozel* is applicable and required the trial court to conduct an evidentiary hearing for consideration of the factors *before* entering a judicial default, *not* after the fact.  They further assert their prior counsel's misconduct is apparent from the record, and he was previously sanctioned for not appearing at a mediation.

We review sanctions orders for an abuse of discretion.  *Bennett ex rel. Bennett v. Tenet St. Mary's, Inc.*, 67 So. 3d 422, 426 (Fla. 4th DCA 2011); *Precision Tune Auto Care, Inc. v. Radcliffe*, 804 So. 2d 1287, 1290 (Fla. 4th DCA 2002).

"Before a court may dismiss a cause as a sanction, it must first consider the six factors delineated in *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993), and set forth explicit findings of fact in the order that imposes the sanction of dismissal."  *Bennett ex rel. Bennett*, 67 So. 3d at 426 (citation omitted).  Those factors are whether:

---

[2] The successor judge was the Honorable William W. Haury, Jr.  He denied rehearing because "a successor judge may not correct errors of law committed by his predecessor and hence he cannot review and reverse on the merits and on the same facts the final orders and decrees of his predecessor."  *Drdek v. Drdek*, 79 So. 3d 216, 219 (Fla. 4th DCA 2012) (quoting *Groover v. Walker*, 88 So. 2d 312, 313 (Fla. 1956)).

1. the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience;
2. the attorney has been previously sanctioned;
3. the client was personally involved in the act of disobedience;
4. the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion;
5. the attorney offered reasonable justification for noncompliance; and
6. the delay created significant problems of judicial administration.

*Kozel*, 629 So. 2d at 818.

"After considering these factors, if there is a less-severe sanction available than dismissal with prejudice, the court should use it." *Bennett ex rel. Bennett*, 67 So. 3d at 427 (citing *Ham v. Dunmire*, 891 So. 2d 492, 496 (Fla. 2004)). "[A] trial court's failure to consider the *Kozel* factors in determining whether dismissal was appropriate is, by itself, a basis for remand for application of the correct standard." *Ham*, 891 So. 2d at 500.

"We have consistently required the record to show an express consideration of the *Kozel* factors." *Vista St. Lucie Ass'n v. Dellatore*, 40 Fla. L. Weekly D1192, D1193 (Fla. 4th DCA May 20, 2015) (citation omitted) (internal quotation marks omitted). "While no 'magic words' are required, the trial court must make a 'finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard.'" *Ham*, 891 So. 2d at 495 (quoting *Commonwealth Fed. Sav. & Loan Ass'n v. Tubero*, 569 So. 2d 1271, 1273 (Fla. 1990)).

Here, a judicial default was entered against the defendants, which is comparable to, or perhaps more harsh than, the dismissal of a plaintiff's complaint. *Kozel* has been applied to a default judgment sanction for discovery violations. *See Toll v. Korge*, 127 So. 3d 883, 887 (Fla. 3d DCA 2013).

The record[3] before us reveals the trial court: (1) failed to consider *Kozel* prior to entry of the default, and (2) failed to make explicit findings on each factor. Only the third order denying reconsideration referred to *Kozel*, but still failed to articulate findings on all the factors.

The order entering the judicial default contained a finding that the defendants and their counsel failed to timely respond to discovery. The

---

[3] Unfortunately, we did not have the benefit of reviewing transcripts from the two hearings. Thus, our review is limited to the information within the motions and orders.

court also found that the defendants and their counsel failed to appear at a court-ordered mediation. In each instance, the court awarded monetary sanctions against them. The court also found they all failed to appear at a calendar call. These findings clearly indicate that counsel contributed to the misconduct.

"Where counsel is 'involved in the conduct to be sanctioned, a *Kozel* analysis *is required* before dismissal is used as a sanction.'" *Bennett ex rel. Bennett*, 67 So. 3d at 427 (emphasis added) (citation omitted). Thus, the trial court should have made explicit findings as to each *Kozel* factor before entering judicial default. Failure to consider the *Kozel* factors is, by itself, a basis for remand. *Dellatore*, 40 Fla. L. Weekly at D1193 (citing *Ham*, 891 So. 2d at 500).

We therefore reverse the final judgment and the order entering the judicial default. The successor judge is no longer on the bench, so this matter will have to be considered by a new judge as to the *Kozel* factors and the appropriate sanction, if any. For this reason, we also reverse the award of compensatory and punitive damages.

*Reversed and Remanded.*

STEVENSON and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

6