DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ONEWEST BANK, FSB,**
Appellant,

v.

**GINO ALESSIO** a/k/a **GINO DAVIDE ALESSIO, FERNANDA ALESSIO** a/k/a **FERNANDA LALIA CURY, TIBURON II HOMEOWNERS ASSOCIATION, INC., EUGENE T. ALESSIO** a/k/a **EUGENE ALESSIO, SHIRLEY L. ALESSIO** a/k/a **SHIRLEY ALESSIO, UNKNOWN SPOUSE OF MICHAEL PULIZZI,** and **UNKNOWN TENANT(S) IN POSSESSION OF THE SUBJECT PROPERTY,**
Appellees.

No. 4D14-1444

[January 6, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard L. Oftedal, Judge; L.T. Case No. 502009CA035115XXXXMB.

Jeremy W. Harris, David F. Knobel, Khari E. Taustin, Masimba M. Mutamba, and Angela Barbosa Wilborn of Morris, Laing, Evans, Brock & Kennedy, CHTD, West Palm Beach, for appellant.

Michael Vater, Hailey F. Lampert, Peter Ticktin, and Kendrick Almaguer of The Ticktin Law Group, P.A., Deerfield Beach, for appellee Gino Alessio.

LEVINE, J.

The issue presented is whether the trial court erred in granting involuntary dismissal, with prejudice, without considering the *Kozel* factors and whether the trial court erred in granting a motion in limine which acted effectively as an involuntary dismissal. We find the trial court erred in both actions. Therefore, we reverse.

Appellant, OneWest Bank, FSB, brought a foreclosure action against appellee Gina Alessio. During the course of litigation, discovery disputes arose out of appellee's difficulty deposing one of the bank's former employees, Brian Bernett. As a result, the trial date was continued, and

the trial court entered an order directing the bank to name the single corporate representative who would testify at trial and to allow that witness to be deposed. The bank named Tre'ava Manuel, whom appellee thereafter deposed.

Before the trial date, the bank amended its witness list to include a total of eleven witnesses. Appellee did not object and, shortly before trial, moved to continue because of a medical emergency and because appellee continued to have difficulty deposing the bank's former employee, Bernett. The trial court granted the continuance and scheduled the trial for a third date and issued a new pretrial order.

In response to the new pretrial order, the bank submitted a new witness list, this one listing twenty-seven witnesses. Then, about one week before trial was set to begin, appellee moved in limine to strike the bank's witness list and to limit the bank to Manuel, the witness appellee had a chance to depose. The bank responded, stating that Manuel was going to be on vacation and that it planned to call Nicole Tollefson, who had been named on the eleven-person witness list, but was not named on the twenty-seven person witness list.

The court granted appellee's motion in limine. It stated the bank had engaged in "repeated [and] willful contumacious conduct . . . due to violations of court orders to the detriment" of appellee. It struck the bank's twenty-seven-person witness list and further struck the bank's only trial witness. The trial court further denied the bank's request to continue.

On the day of trial, the bank acknowledged that it had no witnesses to call because all of them had been stricken. Appellee moved for involuntary dismissal. The court dismissed the bank's case with prejudice without considering the *Kozel* factors on the record.

The bank appeals the trial court's involuntary dismissal of the bank's case with prejudice without considering the *Kozel* factors. The bank further contends that the trial court's order granting appellee's motion in limine was tantamount to an involuntary dismissal. We find the trial court erred and thus reverse the involuntary dismissal for reasons stated below.

The Florida Supreme Court in *Kozel v. Ostendorf*, 629 So. 2d 817, 818 (Fla. 1993), identified factors for a trial court to consider "in determining whether dismissal with prejudice is warranted." These six factors are:

> 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or

2

inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.

*Id.*

A trial court's failure to consider the *Kozel* factors when determining whether dismissal is appropriate "is, by itself, a basis for remand for application of the correct standard." *Bennett ex rel. Bennett v. Tenet St. Mary's, Inc.*, 67 So. 3d 422, 427 (Fla. 4th DCA 2011) (quoting *Ham v. Dunmire*, 891 So. 2d 492, 500 (Fla. 2004)).

In this case, because the trial court failed to consider the *Kozel* factors before involuntarily dismissing the bank's case with prejudice, we reverse. Normally, we would remand so the trial court could make the requisite findings. *See, e.g., Alsina v. Gonzalez*, 83 So. 3d 962 (Fla. 4th DCA 2012). We do not do so here because the dismissal came as a result of the bank having all of its trial witnesses improperly struck.

This court has "condemned the use of motions in limine to summarily dismiss a portion of a claim." *Rice v. Kelly*, 483 So. 2d 559, 560 (Fla. 4th DCA 1986). "The purpose of a motion in limine is generally to prevent the introduction of improper evidence, the mere mention of which at trial would be prejudicial." *Dailey v. Multicon Dev. Co.*, 417 So. 2d 1106, 1107 (Fla. 4th DCA 1982). A motion in limine may not serve as an unnoticed alternative to a motion to dismiss or a motion for summary judgment. *Rice*, 483 So. 2d at 560.

The order granting appellee's motion in limine struck all of the bank's witnesses a few days before trial. It did so because the bank allegedly failed to comply with pretrial orders, not because of evidentiary concerns. Thus, for all practical purposes, the lower court's order sanctioned the bank with involuntary dismissal because it left the bank without any possibility of proceeding to trial. As we stated in *Rice* and *Dailey*, the purpose of a motion in limine is to exclude prejudicial evidence; it is not an alternative to a motion to dismiss. Thus, the trial court erred when it granted appellee's motion in limine and struck all of the bank's witnesses,

3

resulting in an effective grant of dismissal.[1]

In summary, we hold the trial court erred by not considering the *Kozel* factors when entering dismissal with prejudice. We further hold the trial court erred when it granted appellee's motion in limine and, in effect, transformed the motion in limine into a motion to dismiss. As such, we reverse and remand to the lower court for trial.

*Reversed* and *remanded.*

CIKLIN, C.J., and TAYLOR, J., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Our decision is limited to the improper use of a motion in limine. We do not express an opinion as to the propriety of striking the twenty-seven person witness list, the exclusion of witnesses that had not been deposed, or whether entry of involuntary dismissal as a sanction would have been an abuse of discretion had the issue been properly presented.

4