CROOM, JANET CARNEY, Associate Judge.
The plaintiffs below appeal an order in which the court struck the complaint-and dismissed the action. We find that the trial court failed to properly consider the Kozel[1] factors and reverse.
Appellants EMM Enterprises Two, LLC, Mike Ben-David, and Aharon Bitton (referred to collectively as “EMM”) filed a complaint against appellees Fromberg, Perlow & Kornik, P.A., and Jeffrey Perlow (referred to collectively as “Perlow”), asserting various causes of action arising out of a real estate investment transaction.
In the course of discovery, Perlow made a request for production. When EMM failed to timely respond, Perlow moved ex parte to compel discovery. The trial court granted the motion, giving EMM ten days to provide a response. When the time had expired and Perlow had still not received the response, Perlow moved to hold EMM in contempt and strike its pleadings.
EMM thereafter complied with the request and agreed to compensate Perlow for fees. EMM requested a hearing to determine fees, and a notice setting the hearing was filed.
However, EMM’s counsel failed to appear for the hearing. The day after, EMM’s counsel moved to reset the hearing, claiming that it had not received notice;
Thereafter, the trial court entered an order finding that EMM’s failure to timely comply with the order compelling discovery, combined with the failure to appear at the hearing, constituted willful non-compliance with a court order. The court acknowledged that EMM had fulfilled the discovery request, but had not explained its absence at the hearing. The court struck the' complaint and dismissed the action with prejudice.
EMM moved for rehearing, claiming that it had- failed to timely respond to the discovery request because a secretary failed to properly diary it, and it never received the ex parte motion to compel or the court order granting that motion. Once Perlow filed the motion for contempt, however, EMM noted that it responded promptly and produced the subject discovery, and sought to remedy the error by paying the resulting fees. EMM claimed that the notice of hearing had'been overlooked by a new secretary. Attached were two affidavits supporting EMM’s claims. The court denied rehearing, and-this appeal followed.
“Before, a court may dismiss a cause as a sanction, it must first consider the six factors delineated in Kozel, and set forth explicit findings of fact in the order that imposes the sanction of dismissal.” Bennett ex rel. Bennett v. Tenet St. Mary’s, Inc., 67 So.3d 422, 426 (Fla. 4th DCA 2011) (citations omitted). Although no “magic words” are required, an order *934 that does not consider each of the factors is considered insufficient and is, by itself, a basis for remand. Id.; Chappelle v. S. Fla. Guardianship Program, Inc., 169 So.3d 291, 294-95 (Fla. 4th DCA 2015).
The six Kozel factors are whether (1) the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) the attorney has been previously sanctioned; (3) the client was personally involved in the act of disobedience; (4) the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) the attorney offered reasonable justification for noncompliance; and (6) the delay created significant problems of judicial administration. Chappelle, 169 So.3d at 294.
.Here, the trial court expressly considered only the first factor, finding that failure to- timely comply with the discovery order, plus the failure to appear, constituted willful non-compliance. .Although the court recounted facts relevant to some of the remaining factors, the court did not actually make the requisite .findings. Even if the court consciously considered all of the factors, it was still required to make a finding on each factor. This failure alone mandates reversal.
We also note that although EMM provided affidavits demonstrating that both the failure to timely respond to discovery and the failure to appear were due to secretarial errors, the court did not make any findings regarding the credibility of these affidavits.
Further, the record shows that dismissal was unwarranted. “While sanctions are within a trial court’s discretion, it is also well established that dismissing an action for failure to comply with orders compelling discovery is ‘the most severe of all sanctions which should be employed only in extreme circumstances.’ ” Ham v. Dunmire, 891 So.2d 492, 495 (Fla.2004) (quoting Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983)). “After considering [the Kozel ] factors, if there is a less-severe sanction available than dismissal with prejudice, the court should use it.” Bennett, 67 So.3d at 427.
Neither the court nor Perlow explain why a lesser sanction of fees was inappropriate. Perlow even apparently agreed that the discovery delay would be appropriately addressed by the payment of attorney’s fees. The failure to appear could also have been adequately addressed through awarding fees. While we recognize there are cases where repeated negligence or refusal to comply with court orders may arise to willful, deliberate or contumacious behavior, no such circumstances exist in this record meriting dismissal.
We further find that the court’s action was overly harsh'in light of EMM’s compliance with the discovery request. Dismissal is generally not an appropriate sanction where the party already has remedied the disobedience at issue.
Based on the foregoing, we find that the trial court’s order must be reversed and the case remanded for proceedings consistent with the foregoing.

Reversed and remanded.

GERBER and CONNER, JJ., concur.

. Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993).