DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE BANK OF NEW YORK MELLON,** f/k/a **THE BANK OF NEW YORK,**
as Trustee for Certificate Holders of **CWABS INC., ASSET-BACKED
CERTIFICATES, SERIES 2007-5,**
Appellant,

v.

**MINERVA DIAZ,**
Appellee.

No. 4D16-1418

[December 13, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Patti Englander Henning, Judge; L.T. Case No. CACE-14-013685 (11).

Edward B. Cole of Cole Law Firm, P.A., Palm Harbor, for appellant.

Rachel M. Coe of Polaris Legal Group, Lighthouse Point, for appellee.

CONNER, J.

Our opinion in this case serves as a reminder of two principles: (1) the grant of involuntary dismissal as a sanction requires findings of facts and conclusions of law compliant with case law; and (2) a trial court may not involuntarily dismiss a case during trial for insufficiency of evidence prior to the completion of presentation of evidence by the plaintiff. Because the order under review fails to explain the legal authority for dismissal, we are compelled to reverse and quash the order. If dismissal was granted as a sanction, the order of dismissal fails to include the requisite findings of facts and conclusions of law. If dismissal was granted due to insufficiency of evidence to establish a *prima facie* case at trial, the dismissal was premature. Because the reason for dismissal is ambiguous, we give alternative instructions on remand.

*Background*

The Bank filed the underlying foreclosure action against the appellee ("the title owner") and junior lienholders. The title owner purchased the

subject property at a prior foreclosure sale brought by a homeowner's association. The title owner was not the borrower under the note and mortgage. The title owner filed two affirmative defenses which survived a motion to strike: lack of standing and failure to comply with conditions precedent. A judicial default was entered against the borrower, who made no appearance below.

During pre-trial discovery, the title owner moved to compel better responses to its first production request. The trial court sustained the Bank's objections to production of various documents, such as any bailee letters and pooling or servicing agreements.

Pursuant to the pre-trial order instructing the parties to make all exhibits available for viewing in advance of trial, the Bank filed its exhibit list. Two days later, the title owner sought production of unredacted copies of all of the documents identified in the Bank's exhibit list. The Bank objected on various grounds, including confidentiality. The title owner moved to compel better answers to its request for production, but later withdrew the motion.

The trial judge who tried the case was not the judge who presided over the pretrial proceedings. The trial transcript reflects that the Bank brought two witnesses to trial, one representing the current mortgage servicer, the other representing the prior servicer.

During direct examination of the Bank's first witness, the title owner objected to testimony concerning the Bank's status as owner and holder of the note and mortgage. The title owner argued that prior to trial, the Bank had objected to its request to produce various documents and the pretrial judge had sustained those objections. The title owner also argued that in preparing for trial, it requested copies of the Bank's trial exhibits, which the Bank failed to produce in violation of the pretrial order requiring the Bank to provide access to all of its trial exhibits. The title owner explained that the only document the Bank provided pretrial was a power of attorney, thus, the title owner would be objecting to any other documents the Bank intended to rely upon that were not produced pretrial.

The trial court inquired as to the basis of the objections to the pretrial discovery sustained by the pretrial judge. The Bank explained that the title owner was not the borrower on the mortgage and that the objections were sustained because the only information that the title owner was entitled to obtain is the payoff amount for the loan. The Bank asserted that disclosure of information regarding its borrower account could

subject it to a felony for violation of confidentiality. It also asserted that the title owner had withdrawn its motion to compel the request for production of the items in the Bank's trial exhibit list and further contended that the two affirmative defenses regarding standing and conditions precedent were improper because the title owner lacked privity of contract. In response, the title owner maintained that, as a party at trial, it was entitled to any document that the Bank intended to use during the trial as an exhibit. After further arguments about other matters concerning notice, the *lis pendens*, and the prior foreclosure by the homeowner's association, the title owner's objection was overruled.

The Bank entered the note and mortgage into evidence. When the Bank elicited testimony concerning the bailee letter and sought to have it admitted into evidence, the title owner again objected and informed the court that it would be asserting prejudice and unfair surprise due to the Bank's failure to comply with the order for trial preparation, which was a matter that had not been ruled upon. The trial court sustained the objection, noting that the document should have been presented prior to trial. When the Bank attempted to introduce the payment history into evidence, the title owner again raised the same objection. The title owner clarified for the court that, while its first motion to compel better responses to its first request for production was denied because the Bank's objections to that request were sustained, and while its subsequent motion to compel better responses to its second request to produce the Bank's trial exhibits had been withdrawn, the second request to produce the trial exhibits had yet to be ruled upon. The trial court overruled the objection and admitted the payment history. The trial continued in the same manner, with the title owner objecting to the admission of several of the Bank's documents for violation of the trial order and the prejudice caused thereby, and the trial court sustaining some of the objections and overruling some of the objections, seemingly based on documents pertaining to the title owner's asserted affirmative defenses.

While still on direct examination of its first witness, the Bank asked the witness questions regarding the amounts owed. The title owner then once again objected to the Bank's failure to provide it with any of the information, claiming unfair surprise and prejudice in not having been given the opportunity to review any of the documents introduced into evidence referencing the numbers calculating the amount due. Thereafter the following exchange ensued:

THE COURT: So are you making any other Motion?

TITLE OWNER'S COUNSEL: Your Honor, I'd like to make a Motion to Involuntarily Dismiss this case at this point, *or sanctions* for --- or strike its pleadings or have them dismiss it.

And we'd like to make a Motion to receive all these documents, so that we have time to look at them and inspect them and review them properly.

We're not opposed to [the Bank] taking a Voluntary Dismissal, and we're not – actually, at this point, even willing to waive fees just to be done so this can be done properly.

BANK'S COUNSEL: Your Honor, as I stated previously –

THE COURT: *There's too much prejudice involved in this case. I'm granting your Involuntary Dismissal.*

(emphases added). Thereafter, the trial concluded and the trial court issued a written order granting the title owner's motion for involuntary dismissal. The written order simply stated that the title owner's motion for involuntary dismissal was granted and directed the return of the original documents admitted into evidence to the Bank.

The Bank filed a motion for rehearing and argued that the involuntary dismissal was improper where the trial court failed to make the necessary findings under *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993). In response, the title owner argued that the involuntary dismissal was not entered as a sanction requiring a *Kozel* analysis, and maintained instead that the trial court granted the dismissal because the Bank could not make a *prima facie* case at trial since several of the documents it needed to succeed were excluded from evidence as a result of the unfair prejudice caused by the Bank's failure to produce documents in advance of trial. The trial court denied the title owner's motion for rehearing without explanation.

The Bank gave notice of appeal.

*Appellate Analysis*

On appeal, sanctions orders are reviewed for an abuse of discretion. *Chappelle v. S. Fla. Guardianship Program, Inc.*, 169 So. 3d 291, 294 (Fla. 4th DCA 2015). An order granting an involuntary dismissal during trial is reviewed *de novo. See 3618 Lantana Rd. Partners, LLC, v. Palm Beach Pain Mgmt., Inc.*, 57 So. 3d 966, 968 (Fla. 4th DCA 2011).

Neither the verbal ruling nor the written order granting involuntary dismissal in this case explains the statutory, rule, or case law basis for dismissal.

The Bank's first argument on appeal is that to the extent involuntary dismissal was granted as a sanction for the Bank's failure to produce documents referenced in its exhibit list prior to trial, such dismissal was error where the trial court failed to make the requisite findings under *Kozel.* We agree that under the circumstances of this case, it appears most likely that the trial court dismissed the case as a sanction due to the prejudice caused by the Bank's failure to provide the title owner with its listed trial exhibits. Perhaps the strongest support for this conclusion is that the trial transcript does not reflect any mention of the Bank's ability to present a *prima facie* case in light of any precluded evidence. Instead, the title owner specifically argued for the sanction of involuntary dismissal for the Bank's violation of the trial preparation order.

However, "[b]efore a court may dismiss a cause as a sanction, it must first consider the six factors delineated in *Kozel v. Ostendorf,* 629 So. 2d 817 (Fla. 1993), and set forth explicit findings of fact in the order that imposes the sanction of dismissal." *Chappelle,* 169 So. 3d at 294 (quoting *Bennett ex rel. Bennett v. Tenet St. Mary's, Inc.,* 67 So. 3d 422, 426 (Fla. 4th DCA 2011))(citation omitted). Those factors are whether:

1. the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience;

2. the attorney has been previously sanctioned;

3. the client was personally involved in the act of disobedience;

4. the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion;

5. the attorney offered reasonable justification for noncompliance; and

6. the delay created significant problems of judicial administration.

*Id.* (quoting *Kozel,* 629 So. 2d at 818). We have observed that "[a]fter considering these factors, if there is a less-severe sanction available than dismissal with prejudice, the court should use it." *Id.* (quoting

5

*rel. Bennett,* 67 So. 3d at 427). "[A] trial court's failure to consider the *Kozel* factors in determining whether dismissal was appropriate is, by itself, a basis for remand for application of the correct standard." *Id.* (quoting *Ham v. Dunmire,* 891 So. 2d 492, 500 (Fla. 2004)). "We have consistently required the record to show an express consideration of the *Kozel* factors." *Id.* (quoting *Vista St. Lucie Ass'n v. Dellatore,* 165 So. 3d 731, 735 (Fla. 4th DCA 2015)) (citation omitted) (internal quotation marks omitted). "While no 'magic words' are required, the trial court must make a 'finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard.'" *Id.* (quoting *Ham,* 891 So. 2d at 495).

Having concluded that the trial court most likely dismissed the case as a sanction for the Bank's failure to comply with the trial preparation order, we agree with the Bank that the record reflects that the trial court failed to consider and make explicit findings as to the *Kozel* factors. In dismissing the case, the trial court merely stated, "there's too much prejudice involved in this case" and then immediately granted the involuntary dismissal. Therefore, reversal and remand is required for the trial court to consider each of the factors articulated in *Kozel* in determining whether dismissal is appropriate for the asserted violation of the trial preparation order.

The Bank additionally argues that even considering the *Kozel* factors, the record would not support dismissal as a sanction. However, that argument is premature, and the trial court should rule on that issue before we review it.

Although the trial transcript supports the conclusion that the trial court entered the involuntary dismissal as a sanction, we address the Bank's second argument on appeal, disputing the propriety of the title owner's assertion that the involuntary dismissal was granted because the Bank could not make a *prima facie* case at trial since several of the documents it needed to succeed were excluded from evidence. If that was the basis for dismissal, we agree with the Bank that involuntary dismissal was prematurely and erroneously granted during the middle of the Bank's direct examination of its first witness, where it had a second witness waiting to testify and additional evidence still left to be presented in its case-in-chief. The title owner's motion for involuntary dismissal, had it in fact been based on insufficient evidence pursuant to rule 1.420(b), should not have been made until *after* the Bank had completed the presentation of all of its evidence in its case-in-chief. Fla. R. Civ. P. 1.420(b). Indeed, it is well established that a trial court may not involuntarily dismiss a case prior to the plaintiff's completion of its presentation of evidence. *See*

6

*Wachovia Mortg., FSB v. Montes*, 156 So. 3d 1105, 1106 (Fla. 4th DCA 2015) (finding that the trial court could not involuntarily dismiss mortgagee's foreclosure action, due to the absence of the original promissory note from the court file, before mortgagee had finished presenting evidence as part of its case-in-chief at bench trial); *Deutsche Bank Nat'l Tr. Co. v. Santiago*, 117 So. 3d 1146, 1147 (Fla. 3d DCA 2013) ("[T]he trial court erred when it ordered an involuntary dismissal of the foreclosure action before the bank had rested its case. The governing rule of civil procedure provides for an involuntary dismissal for lack of evidence only '[a]fter a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence.'") (quoting Fla. R. Civ. P. 1.420(b)); *Sheldon Greene & Assocs. v. Williams Island Assocs.*, 550 So. 2d 1142, 1143 (Fla. 3d DCA 1989) ("[I]t is error to direct a verdict before a plaintiff has completed presentation of his evidence."); *A.N. v. M.F.–A.*, 946 So. 2d 58, 60 (Fla. 3d DCA 2006) ("By denying appellants the opportunity to complete their case-in-chief, the trial court denied appellants their due process."); *see also SJS Enters. v. Cates*, 547 So. 2d 226, 227 (Fla. 4th DCA 1989) (holding that the trial court could not "jump the gun" by granting a motion for an involuntary dismissal while the plaintiff was on its first witness). Therefore, the title owner's attempt to justify the trial court's involuntary dismissal based on the inability make a *prima facie* case fails.

Likewise, the title owner's reliance on *Binger v. King Pest Control*, 401 So. 2d 1310 (Fla. 1981), as support for dismissal fails because *Binger* addresses the exclusion of evidence, not flat out dismissal. In the instant appeal, the Bank challenges the abrupt dismissal of its case during its direct examination of its first witness. The Bank does not challenge the exclusion of any of its evidence or testimony. The *Binger* court held that "a trial court can properly exclude the testimony of a witness whose name has not been disclosed in accordance with a pretrial order." *Id.* at 1313. Applying *Binger*, the exclusion of a witness for nondisclosure would justify dismissal at trial due to insufficient evidence only where a party had a *single* witness at trial. That was not the situation in this case. Thus, reliance on *Binger* does not justify the dismissal in this case.

For the reasons discussed above, we quash the trial court order granting involuntary dismissal. Because the legal basis for the involuntary dismissal is unclear, we give two instructions on remand. If the involuntary dismissal was granted as a sanction for noncompliance with one or more court orders, we remand for the trial court to enter an appropriate order. If involuntary dismissal was granted due to insufficiency of evidence, we remand for a new trial.

7

*Reversed and remanded with instructions.*

CIKLIN and KLINGENSMITH, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**