FARMER, J.
In this negligence action the trial judge entered a default on liability against the defendant for failing to file an amended answer and affirmative defenses and, alternatively, as a sanction for disregarding several orders of the court involving discovery and related issues.
As to the failure to file an amended answer, the record discloses that defendant’s previous answer had been stricken several months before trial with leave to file an amended pleading. While plaintiff did not raise — by a motion for default — the failure to file the amended pleading until the day before trial began, defendant failed even thereafter to file such pleading and never actually filed a motion to vacate the default, even as part of its post-trial motions. As to the discovery violations, the trial judge considered on the record and in his written order the required factors, making the required findings, discussed in Ham v. Dunmire, 891 So.2d 492 (Fla.2004), and Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993).
The record makes clear that the trial judge gave this matter very careful and thoughtful consideration, focusing on the specific circumstances of the case before him. At the hearing on the motion for default he explained:
Oh, it is time for the court to bite the bullet. I have reconsidered it. It is a real close call. Your motion is granted. I am striking. I am defaulting them on the issue of liability. It is just the aggregate, the totality of circumstances.
*1015 It[’s] just too much for a 73-year-old plaintiff. And I am not going to send— this court is not going to send the wrong signal: “well, the way to cure it, because the problem, which was self-inflicted by the defense, is just make the plaintiff wait another month or two months, and these problems will go away. And we will have a fair trial.”
I am not going to do that. I have been thinking about it, but it is a real close call. I understand how the court [Fourth District] feels. They say try it on the merits, try it on the merits.
Might very well reverse this court. It is something for you to think about. It is 50/50. It could go either way, how they feel about it. The final clinker in this is we have an elderly plaintiff, and the plaintiff has done nothing wrong here. Here is the point. You have really done nothing wrong. You haven’t made any outrageous demands.
You sat back. You gave them everything. You are surprised at the mediation. These things should have been done earlier. My first attempt is maybe I can impose a lesser sanction. Maybe I can just try to figure out at the trial in a piecemeal fashion what witness will be allowed to testify, what exhibits, what defenses. But it is clear, you know, a trial is framed by the pleadings. You have a right to rely on these pleadings and know how you are going to present your case to the jury. You really don’t know. We sit here the day before picking a jury, and you still don’t really know. It is not as if you did anything wrong. And I can’t reward it.
And as much as it’s an incredible sanction, and I will be the first to tell you this, it is a very close call. I am not going to be the one to say it’s okay to emasculate all these technicalities. These technicalities have a reason.
And if I am trying to put myself in the plaintiffs position, what kind of opening statement do you give? You don’t even know what the defense is for sure. You don’t even know what is going to be allowed into evidence as far as the photos. You don’t even have a proper jurat yet. The discovery was late again.
[[Image here]]
On a 73-year-old plaintiff, I am not going to continue the case because I really don’t know what is going to happen to her. I really don’t know, for a woman that is 73 years old with the problem she is suffering here. She has a right to her day in court.
Since you are really faultless in all of this, you didn’t do anything wrong, I am erring — I would rather have heard it totally on the merits on the issue of liability, but the defense kept shooting itself in the foot. That’s why after reconsideration I am going to strike the defense.
The trial court’s decision to enter a default for failure to plead timely is reviewed under the abuse of discretion standard. George v. Radcliffe, 753 So.2d 573, 575 (Fla. 4th DCA 1999) (abuse of discretion is proper standard for refusal to relieve party from default). The proper standard of review for the imposition of sanctions is, again, abuse of discretion. Boca Burger, Inc. v. Forum, 912 So.2d 561, 573 (Fla.2005) (“A lower court’s decision to impose sanctions is reviewed under an abuse of discretion standard.”). And so either way we end up with Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980):
“In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the ‘reasonableness’ test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety *1016 of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.”.
382 So.2d at 1203. After carefully reviewing the record in this case and applying the Canakaris standard, we are unable to conclude that the trial judge abused his discretion by entering a default on liability against the defendant.

Affirmed.

KLEIN and TAYLOR, JJ., concur.