940 So.2d 1241 (2006)
WESTWOOD ONE, INC., A Delaware Corporation, Appellant,
v.
FLIGHT EXPRESS, INC., A Florida Corporation, Appellee.
No. 5D06-67.
District Court of Appeal of Florida, Fifth District.
November 3, 2006.
*1242 Cynthia L. May and Richard C. McCrea, Jr. of Zinober & McCrea, P.A., Tampa, for Appellant.
Marcia K. Lippincott of Marcia K. Lippincott, P.A., Lake Mary, for Appellee.
PALMER, J.
Westwood One appeals the non-final order entered by the trial court granting Flight Express' motions for default and to strike Westwood One's motion to compel arbitration. Concluding that the trial court's order is a non-final, non-appealable order, we dismiss this appeal for lack of jurisdiction.
Flight Express filed a complaint against Westwood One alleging failure to pay an open account for aircraft and pilot services. After Westwood One failed to file any responsive pleading, the trial court entered a default judgment against Westwood One. Westwood One filed a motion to set aside the default. The trial court *1243 granted the motion and ordered Westwood One to serve a response within 20 days.
Westwood One responded to the trial court's order by filing a motion to compel arbitration and to abate the action pending arbitration. Flight Express thereafter filed a second motion for default, alleging that Westwood One had failed to comply with the trial court's order directing it to file a responsive pleading.
The trial court conducted a hearing on the default motion. During the hearing, the court granted Flight Express's oral motion to strike Westwood One's motion to compel arbitration on the ground that it was not a proper responsive pleading. Thereafter, the court granted the pending motion for default. Westwood One filed a notice of appeal from this order.
Appellate jurisdiction to review an appeal from a non-final order is limited to the types of rulings set forth in rule 9.130 of the Florida Rules of Appellate Procedure. In Cotton States Mutual Insurance v. D'Alto, 879 So.2d 67 (Fla. 1st DCA 2004), the court explained:
This rule is designed to reduce the number of appealable pretrial orders and to discourage piecemeal review. Given this objective, the courts have narrowly construed the scope of the rule so that it applies only to the orders it identifies as appealable orders.
Id. at 69 (citations omitted). We lack jurisdiction to review the trial court's order which grants Flight Express' motion for default because the order does not fall within the parameters of the above quoted rule.[1]
Westwood One maintains that this court possesses jurisdiction to review the portion of the trial court's non-final order which granted Flight Express' motion to strike its motion to compel arbitration because that ruling determines that Westwood One was not entitled to proceed to arbitration. More specifically, Westwood One maintains that the combined effect of the trial court's ruling which struck its motion to compel and the trial court's order which granted Flight Express' motion for default effectively defeated the benefit provided by the arbitration process, effectively operating as a denial of arbitration. We disagree.
Rule 9.130 states that appellate review is proper to review non-final orders that determine the entitlement of a party to arbitration. See Fla. R.App. P. 9.130(a)(3)(C)(iv). However, the trial court's order which struck Westwood One's motion to compel arbitration was manifestly not a ruling determining that Westwood One was not entitled to proceed to arbitration. Rather, the trial court entered the order striking Westwood One's motion to compel arbitration for its failure to comply with the terms of an earlier court order. No showing has been made that the trial court ever considered the substantive issue of whether Westwood One was entitled to proceed to arbitration under the terms of the parties' purported contract agreement.
Alternatively, Westwood One argues that certiorari review of the trial court's order is appropriate in this case. We again disagree. Westwood One has not demonstrated that it has suffered an irreparable harm that cannot be remedied *1244 on direct appeal from the trial court's entry of a final default judgment. Once the trial court enters a final default judgment, Westwood One will be entitled to file a direct appeal therefrom and, by prosecuting said appeal, will be able to challenge the trial court's ruling granting Flight Express' motion to strike as well as the trial court's ruling granting Flight Express' motion for default. As such, the grant of certiorari review would be inappropriate. See Boby Express Co. v. Guerin, 930 So.2d 842 (Fla. 3d DCA 2006).
DISMISSED.
THOMPSON and TORPY, JJ., concur.
NOTES
[1] At the same time the order granting Flight Express' motion for default does not qualify for review as a final, appealable order since it is simply an order granting a motion, not an order entering a final default judgment. See Miller v. Samuel E. Mason, Co., 917 So.2d 310 (Fla. 1st DCA 2005)(explaining that an order granting a motion to set aside a clerk's default is not a final order or judgment).