NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERTA ROSS, )
)
   Appellant, )
)
v. )  Case No. 2D14-5217
)
PROSPECTSPLUS!, INC., )
)
   Appellee. )
_____ )

Opinion filed January 6, 2016.

Appeal from the Circuit Court for Sarasota
County; Kimberly Bonner, Judge.

William L. Yanger of Yanger Law Group,
P.A., Tampa, for Appellant.

R. John Cole, II, and Richard John Cole, III,
of R. John Cole, II, & Associates, P.A.,
Sarasota, for Appellee.


ALTENBERND, Judge.

   Roberta Ross appeals an order confirming an arbitration award. We conclude that the order is a nonfinal, nonappealable order. In many cases we would relinquish jurisdiction for the trial court to enter a final, appealable order. But the issues that Ms. Ross wishes to raise do not appear to be issues within our scope of review even from a final order. Accordingly, we dismiss this appeal.

Roberta Ross was an independent contractor who sold products for Prospectsplus!, Inc. The parties entered into a "Representative Agreement" in 2005, under which Ms. Ross received certain compensation for sales. The agreement provided for the resolution of any claims or controversies between the parties by arbitration pursuant to the American Arbitration Association rules.

Prospectsplus! terminated this contract at the end of 2012, and a controversy arose concerning Ms. Ross's right to receive continuing payments for products sold to customers who were obtained through Ms. Ross's efforts. She filed a claim for arbitration with the American Arbitration Association alleging a breach of contract and unjust enrichment. After a two-day hearing, the arbitrator filed a short award in August 2014 denying Ms. Ross's claims and ruling in favor of Prospectsplus!.

Oddly, Ms. Ross thereafter filed a petition in circuit court pursuant to section 682.12, Florida Statutes (2014), to confirm the award in her unsuccessful arbitration. She did not seek to vacate the unsuccessful award for any of the reasons enumerated in section 682.13. The circuit court accommodated her request and entered an "Order Confirming Arbitration Award." Ms. Ross now seeks to appeal the order in which the circuit court provided her with the relief she requested. In her brief, Ms. Ross argues that the arbitrator erred in making certain rulings during the arbitration.

This court issued an order for Ms. Ross to show cause why the action should not be dismissed as an appeal from a nonfinal, nonappealable order. Having received responses, we conclude that the appeal should be dismissed.

Section 682.15 states that "[u]pon granting an order confirming . . . an award, the court shall enter a judgment in conformity therewith." Thus, an order

confirming an arbitration award is not the final order in such a proceeding; it must be followed by a final judgment. See City of Tallahassee v. Big Bend PBA, 703 So. 2d 1066, 1069 (Fla. 1st DCA 1997). No final judgment has been entered in this case.

Even if a final judgment had been entered in this case, the issues that this court can consider under its scope of review of an order confirming an arbitration award are very narrow. Ms. Ross is not aggrieved by the order confirming arbitration because she asked for this order; she cannot argue that the circuit court erred in ruling in her favor on this petition. Even when a party files a motion to vacate an award, the legal rulings made by the arbitrator are rarely within the purview of our review. See Eaton Vance Distribs., Inc. v. Ulrich, 692 So. 2d 915, 916 (Fla. 2d DCA 1997); Applewhite v. Sheen Fin. Res., Inc., 608 So. 2d 80 (Fla. 4th DCA 1992).

Accordingly, we dismiss this appeal. If Ms. Ross believes there is an issue this court can review following the entry of final judgment on the order of confirmation, she is still free to file an appeal from that final judgment.

Dismissed.


NORTHCUTT and CRENSHAW, JJ., Concur.