MAY, J.
The plaintiff appeals an order dismissing her personal injury complaint for failure to comply with the trial court’s' pre-trial order. She.argues the trial court erred' in failing to make the requisite findings under Kozel.[1] We agree and reverse.
The plaintiff filed a complaint for personal injury. On December 9, 2014, the plaintiff filed a notice for jury trial, asserting the case was at issue. On January 29, 2015, the trial court entered an order regarding' pre-trial procedure and setting calendar call for a non-jury trial.[2] ' The order:
• Set the case for the trial calendar of March 24 — May 15, 2015;
• instructed the Parties: “if Plaintiffs counsel fails to appear for calendar call, the complaint may be dismissed by the court”;
• required the plaintiffs expert disclosures no less than forty-five days before calendar call;
• required all potential fact witnesses to be disclosed no less than thirty days before calendar call;
• required all discovery to be completed five days before calendar call, absent an agreement;
• warned that failure to -comply with the pre-trial order must be reported by *1122 filing a “Suggestion of Noncompliance •with Pre-Trial Order”;
• warned that failure to appear at calendar call and failure to comply with the order may result in sanctions such as striking of pleadings, default, or case dismissal; and
• required that any motion to continue comply with Florida Rule of Civil Procedure 1.460 and include the requesting party’s signature.
On March 23, 2015, the defendant filed an “Amended Suggestion of Non-Compliance with Pre-Trial Order, Motion to Strike, or in the Alternative Motion to Continue.” In it, the defendant alleged the plaintiff failed to disclose any potential expert witnesses, expert reports, or summaries of expert opinion testimony. The plaintiff, also failed to disclose fact witnesses and an exhibit list. As a result, the defendant alleged it was unable to adequately prepare for trial and moved to strike the plaintiffs pleadings and enter judgment in its favor with attorney’s fees. The defendant alternatively requested that the trial court strike the case from the trial docket.
On April 1, 2015, plaintiffs counsel filed a “Notice of Non-Objection to Defendant Northside’s Amended Suggestion of NonCompliance with Pre-Trial Order, Motion to Strike or in the Alternative Motion to Continue.” Plaintiffs counsel’s entire notice stated:
COMES NOW, Plaintiff, JUSTINE G. GORDON, by and through her undersigned counsel, files this Notice of Non-objection to Defendant NORTHSIDE’S Amended Suggestion] of Non-Compliance with Pre-Trial Order, Motion to Strike or in the Alternative Motion to Continue currently scheduled for hearing April 6, 2015 at 10:05 a.m. before the Honorable Janet C. Croom, St. Lucie County Courthouse.”
On April 6, 2015, the trial court heard argument on the defendant’s Amended Suggestion of Non-Compliance. The court clerk notes indicate plaintiffs counsel failed to attend and “Pltf s atty have been unresponsive to defense atty. Deft’s atty can’t prepare for trial. Due to Pltf s failure to comply with pre-trial order the case is dismissed. Reserve sanctions.”
At the hearing, defense counsel told the trial court:
When we had docket call a couple weeks ago, plaintiffs counsel didn’t show up. So I was here, there was a codefendant that was here, and you went ahead and put it on the docket. So we filed a Motion to Strike their Pleadings. They didn’t file a witness list or exhibit list either. And I know the office has been having some issues, because Mr. Schmitt, who had been with Ms. Gold-stein, left, and she kept this case apparently. Then we had mediation. Ms. Goldstein showed up for mediation and didn’t know anything about the file. There’s a lot of confusion going on in her office. Then subsequently I got a call from a new lawyer, Scot[t] Dwyer, who apparently had been hired there, and he filed, actually, a Certificate of Non-Objection to this motion to strike. Which, if you read it, literally would indicate that he agrees with my motion which says your pleading — I don’t think that’s what he really meant. I think what he really intends is to take it off the docket.
The court responded, “I just signed a whole bunch of orders from that — regarding that attorney leaving that firm. Was that one of those?” Defense counsel responded that he had only seen the Notice of Non-Objection.
The trial court asked if defense counsel had spoken with the new attorney, and counsel responded, “I haven’t actually spo *1123 ken with him, but the message I got from him was I would agree to strike the case from the docket.” The court responded: “[I]f a prior Court entered [a]n order stating that discovery was going to occur, and an attorney has not complied with that, then I will grant your Motion to Strike.” The trial court asked for its authority to dismiss and defense counsel pointed to the warnings in the Amended Pre-Trial Order.
The court granted the motion to strike for failure to comply with the pre-trial order and for failing to appear at the docket call. It reserved ruling on sanctions. It requested a draft order, and dismissed the case the same day.
Plaintiffs counsel moved to set aside the default and remove the case from the trial docket. Counsel alleged that prior counsel left the law firm and that he had called defense counsel several times before filing the Notice of Non-Objection. He asserted that his failure to attend the calendar call was completely inadvertent and was not willful or intentional.
Plaintiffs counsel moved for rehearing on the trial court’s order dismissing the case. The trial court summarily denied the rehearing motion. The trial court entered a revised dismissal order: “This Court, based on argument and a review of the record, concludes that Plaintiffs multiple violations of the [Amended Pre-]Trial Order were willful or contumacious, and moreover, Plaintiff agreed with [the Defendant’s] motion to strike.”[3]
The plaintiff has now appealed.
While there is no justification for plaintiffs counsel’s non-compliance in this case, Florida law requires the trial court to consider specific factors before dismissing a complaint. “Before a court may dismiss a cause as a sanction, it must first consider the six factors delineated in Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993), and set forth explicit findings of fact in the order that imposes the sanction of dismissal.” Bennett ex rel Bennett v. Tenet St. Mary’s, Inc., 67 So.3d 422, 426 (Fla. 4th DCA 2011) (citation omitted). The six factors are:
a. whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience;
b. whether the attorney has been previously sanctioned;
c. whether the client was personally involved in the act of disobedience;
d. whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion;
e. whether the attorney offered reasonable justification for noncompliance; and
f. whether the delay created significant problems of judicial administration.
Kozel 629 So.2d at 818. “After considering these factors, if there is a less-severe sanction available than dismissal with prejudice, the court should use it.” Bennett ex rel. Bennett, 67 So.3d at 427 (citation omitted).
*1124 It is imperative that trial courts strike the appropriate balance between the severity of the infraction and the impact of the sanction when exercising their discretion to discipline parties to an action. The factors articulated in Kozel provide a framework for achieving that balance ..., [A] trial court’s failure to consider the Kozel factors in determining whether dismissal was appropriate is, by itself, a basis for remand for application of the correct standard.
Ham v. Dunmire, 891 So.2d 492, 499-500 (Fla.2004).
We have “ ‘consistently required the record to show an express consideration of the Kozel factors.’” Vista St. Lucie Ass’n v. Dellatore, 165 So.3d 731, 735 (Fla. 4th DCA 2015) (citation omitted). “Express findings are required to ensure that the trial judge has consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation.” Ham, 891 So.2d at 496. “While no ‘magic words’ are required, the trial court must make a ‘finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard.’ ” Id. (citation omitted).
“Where counsel is ‘involved in the conduct to be sanctioned, a Kozel analysis is required before dismissal is used as a sanction.’ Bennett ex rel. Bennett, 67 So.3d at 427 (emphasis added) (citation omitted). Thus, the trial court should have made explicit findings as to each Kozel factor before entering the Revised Dismissal Order. This court, and our supreme court, clearly provide that failure to consider the Kozel factors is, by itself, a basis for remand. Dellatore, 165 So.3d at 735 (citing Ham, 891 So.2d at 500).
Here, the plaintiff correctly points out that the trial court failed to analyze the Kozel factors when choosing dismissal as a sanction for the failure to comply with the Amended Pre-Trial Order. The trial court found only that the plaintiff failed to disclose her: (1) expert witness list, (2) expert reports, (3)- expert opinion summaries, (4) fact witnesses, and (5) failure to appear at docket call. The trial court then found that the “Plaintiffs multiple violations of the [Amended Pre-]Trial Order were willful or contumacious.”
The trial' court’s order is deficient under Kozel, We therefore reverse and remand the case for the trial court’s consideration of the required factors.

Reversed and Remanded.

WARNER, J., and ARTAU, EDWARD, L., Associate Judge, concur.

. Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993).

. The court subsequently entered an amended order setting the calendar call for a jury trial (“Amended Pre-Trial Order”). We also note that the plaintiff was represented by a different attorney when the non-compliánce took place.

. The plaintiff submitted a second supplemental record, which reflects a letter defense counsel sent to the trial court:
In reviewing the case law on this issue, your dismissal order needs to include a specific finding that the dismissal was based on "willful and contumacious” noncompliance of the trial order. Please see the enclosed Schindler v. The Bank of New York, 4D13-4825 [190 So.3d 102] ([Fla.] 4th DCA 2015). I believe that you made such a finding at the hearing on April 6, 2015, but I request that you enter a revised order to avoid further issues down the road. I am enclosing an original and three copies of the proposed revised order along with self-addressed stamped envelopes.