NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| CARMEN SINGH a/k/a SINGH CARMEN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D16-1462 |
| | ) | |
| U.S. BANK, N.A., as trustee for the certificate holders of Citigroup Mortgage Loan Trust, Inc. asset-backed pass-through certificates, series 2007-AMC1; and WHITNEY NATIONAL BANK, successor by merger of Signature Bank, | ) ) ) ) ) ) ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Opinion filed July 14, 2017.

Appeal from the Circuit Court for Pinellas County, W. Douglas Baird, Senior Judge.

Kristina E. Feher of The Law Office of Robert Eckard & Associates, P.A., Palm Harbor, for Appellant.

Sonia Henriques McDowell of Quintairos, Prieto, Wood & Boyer, P.A., Orlando, for Appellee.

No appearance for Appellee Whitney National Bank.

LaROSE, Chief Judge.

Carmen Singh appeals a March 8, 2016, final judgment of foreclosure.

We have jurisdiction, see Fla. R. App. P. 9.030(b)(1)(A), and reverse.

Background

The procedural history of this case is more complex than the legal issue we must decide. In July 2010, U.S. Bank, N.A., sued to foreclose after Ms. Singh failed to make payments on a promissory note secured by a home mortgage. On September 1, 2010, Ms. Singh moved to dismiss the bank's verified complaint. At the end of that month, Ms. Singh's counsel moved to withdraw. About one year later, Ms. Singh filed for bankruptcy. The foreclosure case was automatically stayed. In April 2012, the bankruptcy court dismissed Ms. Singh's bankruptcy petition. But two years later, Ms. Singh filed another bankruptcy petition, again staying the foreclosure case. In July 2014, the bankruptcy court dismissed her second petition.

In early March 2015, Ms. Singh's counsel filed a motion for substitution of counsel. Within a month, on April 9, 2015, the bank responded to the still-pending motion to dismiss. The trial court denied the motion by order dated that same day. It directed Ms. Singh to answer the complaint within thirty days. The trial court also granted her first lawyer's motion to withdraw. The trial court ordered that Ms. Singh retain new counsel within thirty days, if she so desired. The order reflects that it was sent to Ms. Singh.

On May 20, 2015, after receiving no answer from Ms. Singh, the bank moved for a default judgment. The next day, the trial court scheduled a nonjury trial for June 26, 2015. On June 23, 2015, Ms. Singh filed her answer and affirmative defenses. On June 24, 2015, she moved to continue the nonjury trial. Ms. Singh filed an affidavit stating that she had never received a copy of the April 9, 2015, order denying her motion to dismiss, or the order granting the motion to substitute counsel. As a result, she claims that she was unable to answer the complaint within the time specified in the

April 9 order. After a hearing, the trial court, on June 25, 2015, granted the bank's motion. Ms. Singh contends that a default was improper because she answered the complaint the day before the hearing. Notably, the trial court never entered an actual default judgment in favor of the bank.

The trial court also denied Ms. Singh's motion to continue the trial. At the June 26, 2015, trial, the court file with the original note and mortgage did not get delivered to the judge's chambers. Ms. Singh successfully moved to dismiss the case. The bank successfully moved for reconsideration and the trial court rescheduled the trial. After a March 6, 2016, nonjury trial, the trial court entered judgment for the bank. Because of the earlier order of default, the trial court refused to allow Ms. Singh to defend against the action aside from contesting the amount of damages.

### Standard of Review

"In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error." Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979). To the extent that the foreclosure judgment is based on the order of default, we review that order for an abuse of discretion. Kirkland's Stores, Inc. v. Felicetty, 931 So. 2d 1013, 1015 (Fla. 4th DCA 2006).

### Analysis

The bank argues that Ms. Singh's appeal is untimely because she is attempting to appeal the order of default entered on June 25, 2015. We do not have a transcript from the default motion hearing. Ms. Singh, of course, bears the burden to provide an adequate record to demonstrate error. See Mills v. Heenan, 382 So. 2d 1317, 1318 (Fla. 5th DCA 1980). We must question whether an order of default would

be separately appealable; the trial court only granted the bank's motion for default. See Westwood One, Inc. v. Flight Express, Inc., 940 So. 2d 1241, 1243 (Fla. 5th DCA 2006) (holding that an order which grants a motion for default "does not fall within the parameters of" Florida Rule of Appellate Procedure 9.130). Further, the trial court's order granting default did not enter final judgment in the case. See Ross v. Prospectsplus!, Inc., 182 So. 3d 802, 803-04 (Fla. 2d DCA 2016) (dismissing the appeal because it was an appeal from a nonfinal nonappealable order and final judgment had not been entered on the case). Because the trial court's order of default is a nonfinal, nonappealable order, Ms. Singh could not appeal it.

Beyond dispute, however, we have jurisdiction to review the final judgment of foreclosure and "any ruling or matter occurring before filing of the notice [of appeal]." Fla. R. App. P. 9.110(a)(1), (h). The trial court did not enter final judgment until about early March 2016. Therefore, we disagree with the bank and conclude that Ms. Singh's appeal is timely.

Under Florida Rule of Civil Procedure 1.500(c), a party may file a pleading any time before default is entered. In Wadsworth v. J.P. Morgan Chase Bank, N.A., 123 So. 3d 688, 690 (Fla. 4th DCA 2013), the court determined that the trial court erred in entering default where the defendant filed an answer four days before entry of a default judgment. Ms. Singh filed her answer on June 23, 2015; the trial court granted the bank's motion for default on June 25, 2015. Consequently, the trial court erroneously granted the bank's motion. See Thompson v. Hancock Bank, 158 So. 3d 613, 615 (Fla. 5th DCA 2013) ("[T]he application of rule 1.500 precludes the entry of default when a defendant's answer is served prior to entry of default even where it is not filed within the time granted by the trial court upon the denial of a motion to dismiss."); Pinnacle Corp.

- 4 -

of Cent. Fla., Inc. v. R.L. Jernigan Sandblasting & Painting, Inc., 718 So. 2d 1265, 1266 (Fla. 2d DCA 1998) ("Since the answer and affirmative defenses in this case were filed before an order of default was entered, the trial court erred in failing to vacate the default judgment it improperly entered against [defendant].").

As emphasized earlier, we question whether the trial court's order granting the motion for default may even be considered a default judgment. There was no entry of a default or a default judgment. Nevertheless, Ms. Singh was unable to raise any defenses at trial because the trial court believed there was a default entered against her.

Conclusion

We reverse the final judgement of foreclosure and remand for further proceedings consistent with this opinion, including the presentation of any available defenses to the bank's foreclosure case.

Reversed and remanded with instructions.


KELLY and SLEET, JJ., Concur.