DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUSTINE G. GORDON,**
Appellant,

v.

**GATLIN COMMONS PROPERTY OWNERS ASSOCIATION, INC.** and
**NORTHSIDE NURSERY, INC.,**
Appellees.

No. 4D17-1999

[ July 18, 2018 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Janet Croom, Judge; L.T. Case No. 562012CA002369.

Steven M. Katzman and Craig A. Rubinstein of Katzman, Wasserman, Bennardini & Rubinstein, P.A., Boca Raton, and Lauri J. Goldstein of A Law Firm of Lauri J. Goldstein & Associates, PLLC, Stuart, for appellant.

Hala Sandridge of Buchanan Ingersoll & Rooney PC, Tampa, for Appellee Northside Nursery, Inc.

TAYLOR, J.

For the second time, the plaintiff, Justine Gordon, appeals an order dismissing her personal injury complaint as a sanction for her attorneys' failure to comply with court orders. [1]  In the prior appeal, we reversed the trial court's order of dismissal and remanded the case for the trial court to make express findings under *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993).  *See Gordon v. Gatlin Commons Prop. Owners Ass'n, Inc.*, 199 So. 3d 1120 (Fla. 4th DCA 2016).  On remand, the trial court held an evidentiary hearing and entered an order of dismissal that considered the *Kozel* factors.  We again reverse, concluding that dismissal was too harsh a sanction.

In June 2012, the plaintiff filed her personal injury complaint against

---

[1] Steven M. Katzman and Craig A. Rubinstein of Katzman, Wasserman, Bennardini & Rubinstein. P.A. Boca Raton, represent Justine G. Gordon in this appeal; they were not trial counsel in the proceedings below.

various defendants. After fifteen months of discovery, she amended the complaint in September 2013 to add Northside Nursery as a defendant. The plaintiff alleged that Northside owned, leased, operated, possessed, controlled, and/or maintained the premises where she had slipped and fallen into a hole.

On December 9, 2014, the plaintiff filed a notice for jury trial, indicating that the case was at issue and ready for trial. On January 29, 2015, the trial court entered a pre-trial procedure order and set calendar call for non-jury trial on the March 24, 2015 – May 15, 2015 trial docket. On February 6, 2015, the trial court entered an amended order, which, among other things:

- instructed the Parties: "if Plaintiff's counsel fails to appear for calendar call, the complaint may be dismissed by the court";

- required the plaintiff's expert disclosures no less than forty-five days before calendar call;

- required all potential fact witnesses to be disclosed no less than thirty days before calendar call;

- required all discovery to be completed five days before calendar call, absent an agreement;

- warned that failure to comply with the pre-trial order must be reported by filing a "Suggestion of Noncompliance with Pre-Trial Order";

- warned that failure to appear at calendar call and failure to comply with the order may result in sanctions such as striking of pleadings, default, or case dismissal; and

- required that any motion to continue comply with Florida Rule of Civil Procedure 1.460 and include the requesting party's signature.

On February 23, 2015, Northside filed an ex parte motion to compel the plaintiff to answer interrogatories that were served on November 24, 2014. Northside also filed a suggestion of non-compliance with the pre-trial order, a motion to strike, or in the alternative, a motion to continue. Northside alleged that the plaintiff had not disclosed any potential expert witnesses, as required, by February 9, 2015. It noted that the pre-trial

order required discovery to be concluded by March 16, 2015, that the plaintiff's failure to disclose any experts rendered Northside unable to complete discovery as required by the pre-trial order, and that it was thus prejudiced by the plaintiff's failure to comply with the terms of the order.

On March 11, 2015, the trial court granted Northside's motion to compel and gave the plaintiff ten days to respond to the interrogatories that were propounded in November 2014. The plaintiff's counsel failed to respond, and on March 23, 2015, Northside filed an amended suggestion of non-compliance with the pre-trial order. Northside set a hearing for April 6, 2015. On March 26, 2015, an attorney for the plaintiff appeared at mediation, but she did not seem to know anything about the plaintiff's file. On April 1, 2015, a different attorney from the plaintiff's counsel's firm filed a notice of non-objection to the amended suggestion of non-compliance and acknowledged the April 6 hearing.

On April 6, 2015, when the trial court conducted the hearing on Northside's amended suggestion of non-compliance, the plaintiff's counsel did not appear. Northside's counsel advised the court that the plaintiff's counsel was experiencing some difficulties because an attorney from her law firm, who was handling the plaintiff's case at the time of the pre-trial order, had left the firm. Northside's counsel complained, however, that the plaintiff's failure to file a witness or exhibit list prevented him from completing his preparation for trial. Northside moved to strike the plaintiff's pleadings and enter a judgment in its favor. Northside alternatively requested that the trial court strike the case from the trial docket.

The trial court granted the motion to strike the pleadings, dismissed the case, and reserved ruling on sanctions. The court summarily denied the plaintiff's motion for rehearing but entered a revised dismissal order, stating: "This Court, based on argument and a review of the record, concludes that Plaintiff's multiple violations of the [Amended Pre-]Trial Order were willful or contumacious, and moreover, Plaintiff agreed with [the Defendant's] motion to strike."

The plaintiff appealed the dismissal, and as mentioned above, we reversed and remanded to the trial court to make the requisite findings under *Kozel*. *See Gordon*, 199 So. 3d at 1124.

On remand, the trial court conducted an evidentiary hearing. At the hearing, the plaintiff's attorney testified that two other attorneys from her law firm were initially handling the plaintiff's case, and that "literally in the middle of the night," these attorneys, accompanied by two secretaries,

3

stole 170 files—including the plaintiff's—from the firm. In addition, the attorneys stole the firm's laptop, deleted dates and files on the computer, discarded papers in the garbage, and left her office in shambles.

The plaintiff's case was then reassigned to another attorney in the law firm, who, at the time of the *Kozel* hearing, no longer worked there and had wage litigation pending against the firm.

Regarding the *Kozel* factors, the plaintiff's counsel testified that the plaintiff was not personally involved in any of the failures to file documents or to appear for hearings. She noted that she attended a mediation on the plaintiff's behalf in this case but was unaware of a calendar call scheduled three days before the mediation. She believed that the calendar call date was once on the computer system but that it had been deleted. She explained that a witness, exhibit, and/or expert witness list was prepared in this case but that it, too, was deleted. While working with her computer technician and a detective who was investigating the thefts from her office, she discovered that numerous other filings were deleted from the office computer system. She maintained that she did not fail to comply with any orders deliberately or willfully and explained that she and her clients were the victims of "[t]he atrocities that were done to [her] office."

On cross-examination, the plaintiff's counsel testified that about eight attorneys from her firm, including herself, had been involved in the plaintiff's case, but she did not know whether the firm had ever filed an email address designation. In response to the trial court's questioning, the plaintiff's counsel said she had never searched her name in the clerk's electronic system to determine the status of any of her cases.

After the hearing, the trial court entered an order weighing the *Kozel* factors and again found that dismissal was the proper sanction. The court concluded that dismissal was warranted because of the "long pattern of repeated neglect which amounts to a willful and contumacious disobedience to the Court's orders by the multiple revolving attorneys who represented Plaintiff at various stages of the pretrial proceedings."

Before specifically addressing each of the *Kozel* factors in its written order, the trial court first criticized the law firm's non-compliance with Rule of Judicial Administration 2.516, which requires all lawyers appearing in a case to designate a current email address, and the firm's failure to file notices of the firm's several name changes.

As to the six *Kozel* factors, the court made findings that:

(1) the plaintiff's counsel showed a clear history of continuing, deliberate, willful and contumacious disobedience of the court's pretrial orders, evidenced by, *inter alia,* the violation of at least five court orders and a failure to appear for two hearings;

(2) the "prior sanctions" factor likely did not apply because there was no previous sanction order in the instant case;

(3) the client was not personally involved in any of the acts of disobedience;

(4) Northside was prejudiced by, *inter alia,* having to waste time and resources to attend a calendar call and a hearing where the plaintiff's counsel failed to appear, and further by having to prepare for trial without knowledge of the plaintiff's witnesses or exhibits;

(5) none of the non-complying attorneys involved were able to present a reasonable justification for their noncompliance, where the law firm representing the plaintiff failed to review the court file and keep its name and email designation current; and

(6) the delay caused by the plaintiff's counsel created significant problems of judicial administration by affecting the issuance of juror summons, sheriff's deputy courtroom assignments, clerk's office personnel assignments, and courtroom time reservations.

Further, the trial court stated that it considered less severe sanctions, such as fines or a contempt finding, but determined that those options would not have cured the plaintiff's counsel's failure to comply with the court's orders or the prejudice to the defendants.

The plaintiff now argues on appeal that the trial court failed to properly analyze and weigh the *Kozel* factors, and that the totality of the circumstances militates against a dismissal with prejudice.

A trial court's decision to impose sanctions is reviewed for abuse of discretion. *Kirkland's Stores, Inc. v. Felicetty,* 931 So. 2d 1013, 1015 (Fla. 4th DCA 2006) (citing *Boca Burger, Inc. v. Forum,* 912 So. 2d 561, 573 (Fla. 2005)). When deciding whether to dismiss a case with prejudice as a sanction, a court first must consider the following factors:

1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience;

2) whether the attorney has been previously sanctioned;

3) whether the client was personally involved in the act of disobedience;

4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion;

5) whether the attorney offered reasonable justification for noncompliance; and

6) whether the delay created significant problems of judicial administration.

*Kozel*, 629 So. 2d at 818. After considering these factors, if there is a viable alternative sanction that is less severe than a dismissal with prejudice, the trial court should employ that alternative. *Id.*

In *Ham v. Dunmire*, 891 So. 2d 492 (Fla. 2004), the Florida Supreme Court reiterated that "the interests of justice in this state will not tolerate the imposition of sanctions that punish litigants too harshly for the failures of counsel." *Id.* at 497. While noting that a lack of client involvement in discovery violations will not preclude dismissal of the client's case where the circumstances surrounding an attorney's neglect demonstrate "a persistent refusal to comply with court orders" or otherwise warrant dismissal, the court nonetheless emphasized that the sanction of dismissal "must be a reasonable response to the discovery infractions committed." *Id.* at 498.

In this case, we find that dismissal of the plaintiff's suit was unwarranted and that a lesser sanction should have been imposed.

The record shows that the plaintiff filed her complaint in June 2012, named Northside as a defendant in September 2013, and diligently prosecuted the case for almost two years before her counsel ultimately violated the court order setting pre-trial procedures in February 2015. This case bears some similarity to *Clay v. City of Margate,* 546 So. 2d 434 (Fla. 4th DCA 1989). There, we reversed the dismissal of an action where the plaintiff's discovery delay was not a deliberate and contumacious disregard of the court's order and the plaintiff had litigated the case for

over a year and a half before the untimely discovery response.

Here, the trial court expressly found that there were no facts showing that the plaintiff was personally involved in any of the discovery violations and that the plaintiff's counsel had not been previously sanctioned in this case. The court nonetheless concluded that dismissal was appropriate, based in part on the plaintiff's counsel's "repetition of willful, deliberate and contumacious acts of disregard and disobedience to this Court's orders." The record shows, however, that there were mitigating circumstances surrounding the plaintiff's counsel's non-compliance with portions of the pre-trial order. These circumstances were based on the apparent theft and deletion of files by former attorneys of the law firm, which caused considerable disruption and disarray of the law firm's office and operations. Moreover, the record does not show a protracted history of discovery abuses, clear prejudice to Northside, evidence of significant problems of judicial administration,[2] or other circumstances to warrant the ultimate sanction of dismissal.

Based on the circumstances, a less draconian sanction should have been imposed. Any prejudice to Northside could have been cured through an award of fees, a continuance of trial, and an enlargement of time for the plaintiff to file her witness and exhibit lists. Accordingly, we reverse the trial court's order dismissing this case and remand for further proceedings.

*Reversed and Remanded.*

WARNER and GROSS, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] Given that the action was dismissed five weeks prior to the trial week for which this action was set as the ninth trial, we disagree that a delay of the trial would have created any of the problems of judicial administration listed in the order of dismissal.