DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GUILFORT DIEUVIL, MAGDADENE DIEUVIL** and **CLEBENE CASIMIR,**
Appellants,

v.

**FALCON TRACE HOMEOWNERS ASSOCIATION, INC.,**
a Florida Not-for-Profit Corporation,
Appellee.

No. 4D20-1652

[August 25, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Janet Croom, Judge; L.T. Case No. 312019CA000858.

Guilfort Dieuvil, Magdadene Dieuvil and Clebene Casimir, Vero Beach, pro se.

No appearance for appellee.

ARTAU, J.

This is an appeal from an order granting a motion for entry of default against each of the appellants. Because the order on review is a non-final, non-appealable order, we dismiss for lack of jurisdiction.

In this lien foreclosure proceeding initiated by appellee, appellants obtained two extensions of time within which to file their answer and then sought a third extension of time by written motion. Before the trial court ruled on the third extension request, appellee moved for entry of default against each of the appellants pursuant to Rule 1.500(b) of the Florida Rules of Civil Procedure. After the filing of appellee's motion, but before any ruling by the trial court, appellants filed their answer. Appellants also filed a notice indicating that they were no longer in default by virtue of the filing of the answer.

Despite the filing of the notice and answer, the trial court entered a default against each of the appellants pursuant to rule 1.500(b). The

appellants moved to set aside the defaults entered against them and filed this appeal.

The order on review is neither a final appealable order nor a non-final appealable order. *See, e.g., Singh v. U.S. Bank, N.A.*, 223 So. 3d 436, 438 (Fla. 2d DCA 2017) (order granting a motion for default "is a nonfinal, nonappealable order"); *Kogan v. Mildenberger*, 127 So. 3d 831, 832 (Fla. 3d DCA 2013) (order granting a motion for entry of default "is a non-final, non-appealable order"); *Westwood One, Inc. v. Flight Express*, Inc., 940 So. 2d 1241, 1243 n.1 (Fla. 5th DCA 2006) (an order granting a motion for default "does not qualify for review as a final, appealable order since it is simply an order granting a motion, not an order entering a final default judgment"). Moreover, "[a]ppeals of non-final orders determining the issue of liability in favor of a party seeking affirmative relief" were removed in 2001 from the list of appealable non-final orders set forth in Rule 9.130 of the Florida Rules of Appellate Procedure. *Kogan*, 127 So. 3d at 832.

Thus, we dismiss this appeal for lack of jurisdiction without prejudice to the trial court's ability to consider appellants' motion to set aside the defaults. *See* Fla. R. Civ. P. 1.500(c) ("A party may plead or otherwise defend at any time before default is entered."); *see also Byfield v. Nat'l Westminister Bank PLC*, 657 So. 2d 931 (Fla. 4th DCA 1995) ("[T]rial court should have granted [appellant's] motion to set aside the default entered by the court, because prior to the entry of the default, appellant had filed a responsive pleading."); *Carillon Corp. v. Devick*, 554 So. 2d 630, 632 (Fla. 4th DCA 1989) ("Where an answer is filed before the hearing on the motion for default, the trial court is without authority to default a defendant because of his failure to answer."); *Talcott Resolution Life Ins. Co. v. Novation Capital LLC*, 261 So. 2d 580, 584 n.2 (Fla. 4th DCA 2010) (noting that a defendant may plead or otherwise defend until a default is entered).

*Dismissed without prejudice.*

DAMOORGIAN and KUNTZ, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**