DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRIAN SYMONETTE, SR.,**
Appellant,

v.

**OLGA D. LOZANO, CNA SURETY, BUDGET NOTARY SERVICES, INC.,
CRISTINA SANTAMARIA, THE KEYES COMPANY, ALEX RUIZ,** and
**STATE OF FLORIDA DEPARTMENT OF FINANCIAL SERVICES**
Appellees.

No. 4D20-2424

[October 20, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE 19-025360.

Brian Symonette, Sr., Moore Haven, pro se.

Edward Etcheverry and Steve Kerbel of Etcheverry Harrison, LLP, Fort Lauderdale, for appellee CNA Surety.

Timothy B. Elliott of Smith & Associates, Tallahassee, for appellee Budget Notary Services.

Bruce I. Kamelhair of Friedlander & Kamelhair, Pembroke Pines, for appellees The Keyes Company and Cristina Santamaria.

PER CURIAM.

Appellant appeals an order granting appellees Cristina Santamaria's and The Keyes Company's motion to dismiss the amended complaint with prejudice. He also appeals the orders granting motions to quash service of process on appellees CNA Surety and Alex Ruiz.

Appellees Budget Notary Services, Inc., Santamaria, and Keyes have filed a joint statement of "confession of error," "acknowledg[ing] that the decision below was in error in granting the Motions to Dismiss with Prejudice[.]" They agree that appellant should be given "additional time to attempt to correct his complaint and file and [sic] amended plead[ing]."

Pursuant to the concession, we reverse the order dismissing the complaint with prejudice and remand for the trial court to provide appellant with an additional opportunity to file an amended complaint.

As to the motions to quash service of process on appellees CNA Surety and Ruiz, we affirm.[1]  Service on CNA did not comport with section 624.422-23, Florida Statutes (2020).  And Ruiz filed an unopposed affidavit stating that he was not personally served with process, and the address on the service was not his "usual place of abode."  *See* § 48.031, Fla. Stat. (2020).  Thus, service was not perfected on Ruiz.

Appellant also appeals the denial of his motion for default final judgment against Santamaria.  That is a non-appealable non-final order. *See Westwood One, Inc. v. Flight Express, Inc.*, 940 So. 2d 1241, 1243 (Fla. 5th DCA 2006).  We dismiss the appeal on that issue.

*Reversed as to order granting motion to dismiss with prejudice; affirmed as to the orders granting motion to quash service; appeal dismissed as to the denial of the motion for default final judgment.*

WARNER, GERBER and ARTAU, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] The orders granting the motion to quash service of process are non-final appealable orders.  Fla. R App. P. 9.130(a)(3)(C)i; *See Hernandez v. State Farm Mut. Auto. Ins. Co.*, 32 So. 3d 695 (Fla. 4th DCA 2010).